## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Marguerite MacQueen, Individually and as the Surviving Spouse of David MacQueen, deceased,

      Plaintiffs,

   vs.

Union Carbide Corporation;

Acme Engineering & Manufacturing, as Successor to B.F. Sturtevant Co.;

Aerco International, Inc.;

American Engineering Co.;

American Standard, Inc., Individually and as Successor to Kewanee-Ross and Kewanee Boiler Manufacturing Company, Inc. and Kewanee Manufacturing Company and Kewanee Boiler Corporation;

Atlas Fluid Controls Corp.;

Aurora Pump Company;

Automatic Switch Company;

Barksdale Inc.;

Borg-Warner Corporation by its Successor-in-Interest, Borgwarner Morse Tec, Inc.;

Buffalo Pumps, Inc.;

Cameron International Corp., f/k/a Cooper Cameron Corporation, (Successor-in-Interest to Cooper Bessemer Corporation, Grove Regulation Co., A.G. Industries, and Dresser Industries);

Carrier Corporation;

**DEFENDANT CRANE CO.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1442 & 1446.**

CBS Corporation, a Delaware Corporation, formerly known as Viacom, Inc., Successor by Merger to CBS Corporation, a Pennsylvania Corporation, formerly known as Westinghouse Electric Corporation;

CLA-VAL Co.;

Cleaver-Brooks, Inc.;

Combination Pump & Valve, n/k/a CPV Manufacturing Inc.;

Crane Co.;

Dover Corporation, as Successor-in-Interest to Blackmer Pump;

Diamond Power International, Inc.;

Eaton Corporation;

Electrolux Corporation, as Successor-in-Interest to White Consolidated Industries, Inc. and Economy Pump;

Elliott Company;

Enpro Industries Inc., f/k/a Fairbanks Morse Engine;

Ericsson, Inc. as Successor-in-Interest to the Anaconda Wire & Cable Company;

Gardner Denver, Inc.;

General Electric Company;

Goulds Pumps, Inc.;

Huntington Ingalls Industries, f/k/a Newport News Shipbuilding;

Hyde Windlass Company, now known as Hyde Marine, Inc., a Calgon Carbon Company;

IMO Industries, Inc.;

Ingersoll-Rand Company;

International Pump Manufacturing Inc.;

Magnum Integrated Technologies Corp. a/k/a Anker Holth;

Metropolitan Life Insurance Company;

3M Company, formerly known as Minnesota, Mining and Manufacturing Company a/k/a 3M;

Northeast Controls Inc., f/k/a Jerguson Gage & Valve Co.;

Oakfabco Inc., f/k/a Kewanee Boiler Manufacturing Company Inc., and Kewanee-Ross Corporation, Kewanee Boiler Corporation;

Parker-Hannifin Corporation;

Patterson Pump Company, as Successor-in-Interest to CH Wheeler Manufacturing Co.;

Quimby Equipment Co., Inc.;

Ross Controls International, Inc.;

Schutte and Koerting Company;

Siemens Water Technologies Transport Corp., as Successor to Permutit and US Filter;

Spence Engineering Company, Inc., Individually and as Successor to Nicholson Steam Trap Co.;

Spirax Sarco, Inc.;

Tate Andale Inc. as Successor-in-Interest to Andale;

The Marley-Wylain Company, formerly known

as Weil Mclain;

The Trane Company, Individually and as
Successor to Kewanee Boiler Corporation;

Wabtec Company, as Successor to Young
Radiator and Young Touchstone;

Walter H. Eagan;

Warren Pumps LLC;

Weinman Pump and Supply Company;

Yarway Corporation,

                                Defendants.

-----------------------------------------------------------x

## CRANE CO.'S NOTICE OF REMOVAL

Defendant Crane Co. hereby removes this action from the Superior Court of the State of Delaware for New Castle County, Delaware, based upon federal officer jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. Crane Co. provides the following grounds for removal:

## BACKGROUND

1. On or about March 28, 2013, plaintiffs initiated a civil action entitled *Marguerite MacQueen, Individually and as the Surviving Spouse of David MacQueen, Deceased v. Union Carbide Corp., et al.*, Case No. N13C-03-0324 ASB in the Delaware Superior Court for New Castle County. A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2. The complaint alleges, *inter alia*, that Mr. MacQueen was exposed to asbestos materials from the 1950s through the 1980s. *Id.* at ¶ 11. Plaintiffs claim that Mr. MacQueen was "exposed to asbestos and asbestos-containing products in the course of his employment" in the United States Navy from 1956 until 1960 aboard the U.S.S. Randolph and the U.S.S. Independence. *Id.* at ¶ 11 (*see* chart).

3. Crane Co. was served with the Summons and Complaint on April 10, 2013. *See* Service of Process Transmittal (first page of Exhibit 1).

4. Crane Co.'s Notice of Removal is timely pursuant to 28 U.S.C § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because it removed within thirty (30) days of being served with the first papers (the Complaint) notifying it that plaintiffs' lawsuit is based upon alleged exposure to Crane Co. products sold to the military.

5. Removal to the United States District Court for the District of Delaware is proper under 28 U.S.C. § 1441(a) because the Complaint was filed in the Delaware Superior Court for New Castle County, which is located within the jurisdiction of this District.

**FEDERAL OFFICER REMOVAL PURSUANT TO 28 U.S.C. § 1442(a)**

6. Removal is proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer. The "right of removal is absolute for conduct performed under color of federal office" such that the policy favoring removal "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Arizona v. Manypenny*, 451 U.S. 232, 242 (U.S. 1981).

7. Removal is appropriate under this provision, where the removing defendant establishes that:

(1) it is a person under the statute;

(2) it was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct;

(3) there is a causal nexus between plaintiffs' claims and its actions under federal direction; and

(4) it has raised a colorable defense based upon federal law.

*Mesa v. California*, 489 U.S. 121, 124–25, 129-31, 134–35 (1989). Crane Co. meets all four elements, and is entitled to remove this action under the federal officer removal statute.

8. On the first element, a "person" includes a corporation. *Winters v. Diamond Shamrock Co.*, 149 F.3d 387, 398 (5th Cir. 1998).

9. On the second element, Crane Co. was acting under the direction of the Navy within the meaning of 28 U.S.C. § 1442(a)(1) in the design, manufacture, and sale of its equipment to the Navy. Crane Co. equipment was designed and manufactured pursuant to precise contracts and specifications approved by the Navy. Affidavit of Anthony D. Pantaleoni ("Pantaleoni Aff."), at ¶¶ 5–6, attached as Exhibit 2; Affidavit of David P. Sargent ("Sargent Aff."), at ¶¶ 22–32, attached as Exhibit 3. Since the 1950s, the Navy issued Military Specifications ("MILSPECs") for the equipment it bought, including equipment manufactured by Crane Co., and certain MILSPECs required that internal gaskets in the equipment be "asbestos sheet gaskets." Sargent Aff., at ¶¶ 26–27 & 32. The MILSPECS also dictated the labeling that was to appear on the equipment, whether literature would accompany it (and, if so, what it would say), and even the markings on the equipment's packaging. *See* Sargent Aff., at ¶¶ 26, 58–59, 67–68; Forman Aff., at ¶¶ 62–73. As a part of this information, the Navy's specifications required certain product warning language. *Id*. The Navy reviewed the proposed product literature and labeling that accompanied equipment and, at its discretion, edited the wording of instructional material and warnings, approving certain warning language and disapproving other language. *See* Sargent Aff., at ¶ 59 & Exhibit K, Doc. 2-8 (examples of the Navy providing line-by-line edits to the product literature and proposed warning language of equipment manufacturers). Unless Crane Co. equipment was first determined to be in conformity

with all applicable Navy specifications, it could not be installed aboard Navy ships. *Id.* at ¶ 29. Thus, Crane Co. meets the second element.

10. On the third element, the Navy controlled and directed the design, manufacture, and labeling of Crane Co. equipment for use aboard Navy ships, and there exists a causal nexus between plaintiffs' claims and Crane Co.'s actions. *Winters*, 149 F.3d at 400.

11. On the fourth element, the government contractor defense provides Crane Co. a colorable federal defense to plaintiffs' claims. As set forth by the Supreme Court of the United States in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988), the government contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. The Seventh Circuit and the federal district court previously responsible for overseeing pre-trial proceedings in all federal asbestos cases recognize that the government contractor defense is colorable under these circumstances. *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012); *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770 (E.D. Pa. 2010). *See also In re: Asbestos Prods. Liab. Litig. (No. VI)*, 830 F.Supp.2d 1377, 1379 (JPML 2011) (the Judicial Panel on Multidistrict Litigation included *Hagen* among the "substantive and thoughtful rulings" issued by the MDL Court that should serve as a guide to district courts presiding over asbestos cases in the future). At this stage, Crane Co. is not required to "virtually win [its] case" to remove the action, but need only show that its federal defense has a basis in fact and law. *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Mesa*, 489 U.S. at 128.

12. Under the government contractor defense, Crane Co. is not liable for any injuries caused by its product sold to the Navy in conformance with military specifications. As detailed

above, the Navy provided Crane Co. with precise specifications regarding its equipment, and Crane Co. delivered equipment that conformed to those specifications. Sargent Aff. at ¶¶ 23–32; Pantaleoni Aff. at ¶¶ 5–6. On the last element of the government contractor defense, the Navy was a leader in industrial hygiene, and possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, including Crane Co. *See* Affidavit of Samuel A. Forman ("Forman Aff."), at ¶¶ 21–23, attached as Exhibit 4. Thus, Crane Co. has a colorable claim that it is entitled to immunity from state tort law in this action under the federal government contractor defense.

13. Crane Co. is not required to obtain the consent of any other defendants in this action to remove this action in its entirety under § 1442(a)(1). *See Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981).

14. If plaintiffs file a motion to remand this action, Crane Co. respectfully requests an opportunity to respond.

15. As required by § 1446(a), true and correct copies of all process, pleadings, and orders served upon Crane Co. are being filed herewith.

16. Pursuant to 28 U.S.C. § 1446(d), Defendant Crane Co. is filing written Notice of Filing of Notice of Removal with the Delaware Superior Court for New Castle County concurrently with the filing of this Notice of Removal, and will serve the same on counsel of record. A copy of the Notice of Filing of Notice of Removal, in the form in which it will be filed and served, is attached as Exhibit 5.

WHEREFORE, Defendant Crane Co. requests that this Court assume jurisdiction over this matter under to its removal jurisdiction.

- 9 -

May 10, 2013                                        Respectfully submitted,

                                                    SWARTZ CAMPBELL, LLC

                                                    */s/ Nicholas E. Skiles*
                                                    Nicholas E. Skiles (DE No. 3777)
                                                    Allison L. Texter (DE No. 3531)
                                                    300 Delaware Avenue, Suite 1410
                                                    Wilmington, DE 19801
                                                    302-656-5935
                                                    nskiles@swartzcampbell.com
                                                    atexter@swartzcampbell.com
                                                    Attorneys for Crane Co.