# Exhibit 1

 **CT Corporation**

# Service of Process Transmittal
04/10/2013
CT Log Number 522491191

**TO:**   Stacie Simpson
Navigant Consulting
PACE Claim Services, LLC, 100 American Metro Blvd
Suite 108
Hamilton, NJ 08619

**RE:**   **Process Served in Delaware**

**FOR:**   Crane Co. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Marquerite, Individually and as the Surviving Spouse of David MacQueen, Pltf. vs. Union Carbide Corporation, et al. including Crane Co., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Information Statement, Original Complaint |
| **COURT/AGENCY:** | New Castle County Superior Court, DE<br>Case # N13C03324ASB |
| **NATURE OF ACTION:** | Asbestos Litigation - Fatal Injury/Wrongful Death |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/10/2013 at 12:00 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Thomas C. Crumplar<br>Jacobs & Crumplar, P.A.<br>2 E. 7th Street<br>4th Floor<br>Wilmington, DE 19801<br>302-656-5445 |
| **REMARKS:** | Please note the process server underlined and/or highlighted the entity being served prior to receipt by CT. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/10/2013, Expected Purge Date: 04/15/2013<br>Image SOP<br>Email Notification, Stacie Simpson PACEservice@paceclaims.com<br>Email Notification, Crane Co. SOP CraneCoCTService@klgates.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company<br>Melanie McGrath<br>1209 Orange Street<br>Wilmington, DE 19801<br>302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EFiled: Mar 28 2013 04:11PM EDT
Transaction ID 51373209
Case No. N13C-03-324 ASB

SUMMONS

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

Marguerite MacQueen, Individually    :
and as the Surviving Spouse of       :    C.A. No.
David MacQueen, deceased,            :
                                     :    **NEW CASTLE COUNTY**
        Plaintiffs,                  :
                                     :    ASBESTOS
            v.                       :
                                     :    JURY TRIAL DEMANDED
Union Carbide Corporation;           :
                                     :
Acme Engineering & Manufacturing,    :
as Successor to B.F. Sturtevant      :
Co.;                                 :
                                     :
Aerco International, Inc.;            :
                                     :
American Engineering Co.;            :
                                     :
American Standard, Inc.,              :
Individually and as Successor to     :
Kewanee-Ross and Kewanee Boiler      :
Manufacturing Company, Inc. and      :
Kewanee Manufacturing Company and    :
Kewanee Boiler Corporation;          :
                                     :
Atlas Fluid Controls Corp.;          :
                                     :
Aurora Pump Company;                 :
                                     :
Automatic Switch Company;            :
                                     :
Barksdale Inc.;                      :
                                     :
Borg-Warner Corporation by its       :
Successor-in-Interest, Borgwarner    :
Morse Tec, Inc.;                     :
                                     :
Buffalo Pumps, Inc.;                 :
                                     :
Cameron International Corp.,          :
f/k/a Cooper Cameron Corporation,    :
(Successor-in-Interest to Cooper     :
Bessemer Corporation, Grove          :
Regulation Co., A.G. Industries,     :
and Dresser Industries);            :
                                     :
Carrier Corporation;                 :

CBS Corporation, a Delaware                :
Corporation, formerly known as             :
Viacom, Inc., Successor by Merger          :
to CBS Corporation, a                      :
Pennsylvania Corporation,                  :
formerly known as Westinghouse             :
Electric Corporation;                      :
                                           :
CLA-VAL Co.;                               :
                                           :
Cleaver-Brooks, Inc.;                      :
                                           :
Combination Pump & Valve, n/k/a            :
CPV Manufacturing Inc.;                    :
                                           :
Crane Co.;                                 :
                                           :
Dover Corporation, as Successor-           :
in-Interest to Blackmer Pump;              :
                                           :
Diamond Power International,                :
Inc.;                                      :
                                           :
Eaton Corporation;                         :
                                           :
Electrolux Corporation, as                 :
Successor-in-Interest to White             :
Consolidated Industries, Inc. and          :
Economy Pump;                              :
                                           :
Elliott Company;                           :
                                           :
Enpro Industries Inc., f/k/a               :
Fairbanks Morse Engine;                    :
                                           :
Ericsson, Inc. as Successor-in-            :
Interest to the Anaconda Wire &            :
Cable Company;                             :
                                           :
Gardner Denver, Inc.;                      :
                                           :
General Electric Company;                  :
                                           :
Goulds Pumps, Inc.;                        :
                                           :
Huntington Ingalls Industries,             :
f/k/a Newport News Shipbuilding;           :
                                           :
Hyde Windlass Company, now known           :
as Hyde Marine, Inc., a Calgon             :
Carbon Company;                            :

IMO Industries, Inc.;                    :
                                         :
Ingersoll-Rand Company;                  :
                                         :
International Pump Manufacturing         :
Inc.;                                    :
                                         :
Magnum Integrated Technologies           :
Corp. a/k/a Anker Holth;                 :
                                         :
Metropolitan Life Insurance              :
Company;                                 :
                                         :
3M Company, formerly known as            :
Minnesota, Mining and                    :
Manufacturing Company a/k/a 3M;          :
                                         :
Northeast Controls Inc., f/k/a           :
Jerguson Gage & Valve Co.;               :
                                         :
Oakfabco Inc., f/k/a Kewanee             :
Boiler Manufacturing Company             :
Inc., and Kewanee-Ross                   :
Corporation, Kewanee Boiler              :
Corporation;                             :
                                         :
Parker-Hannifin Corporation;             :
                                         :
Patterson Pump Company, as               :
Successor-in-Interest to CH              :
Wheeler Manufacturing Co.;               :
                                         :
Quimby Equipment Co., Inc.;              :
                                         :
Ross Controls International,             :
Inc.;                                    :
                                         :
Schutte and Koerting Company;            :
                                         :
Siemens Water Technologies               :
Transport Corp., as Successor to         :
Permutit and US Filter;                  :
                                         :
Spence Engineering Company, Inc.,        :
Individually and as Successor to         :
Nicholson Steam Trap Co.;                :
                                         :
Spirax Sarco, Inc.;                      :
                                         :
Tate Andale Inc. as Successor-in-        :
Interest to Andale;                      :

|                                                          |     |
| -------------------------------------------------------- | --- |
| The Marley-Wylain Company, formerly known as Weil Mclain; | :   |
| The Trane Company, Individually and as Successor to Kewanee Boiler Corporation; | : |
| Wabtec Company, as Successor to Young Radiator and Young Touchstone; | : |
| Walter H. Eagan;                                          | :   |
| Warren Pumps LLC;                                         | :   |
| Weinman Pump and Supply Company;                         | :   |
| Yarway Corporation;                                      | :   |
| Defendants.                                              | :   |

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon Thomas C. Crumplar, Esquire, plaintiff's attorney, whose address is 2 E. 7th Street, 4th Floor, Wilmington DE 19801, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated: 4\3\13

*SHARON AGNEW*
*Prothonotary*

*Per Deputy*

**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

*SHARON AGNEW*
*Prothonotary*

*Per Deputy*

**SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)**

EFiled: Mar 28 2013 04:11PM EDT
Transaction ID 51373209
Case No. N13C-03-324 ASB

COUNTY:  **N**  K  S          CIVIL ACTION NUMBER:

CIVIL CASE CODE:  __ASB__          CIVIL CASE TYPE:  ___Asbestos___
(SEE REVERSE SIDE FOR CODE AND TYPE)

| | |
|---|---|
| Marguerite MacQueen, Individually, as the Administratrix of the Estate, and as the Surviving Spouse of David MacQueen, deceased,<br><br>Plaintiffs<br><br>_v._<br><br>Union Carbide Corporation, et al;<br><br>Defendants. | Name and Status of Party filing document:<br>Marguerite MacQueen, Individually, as the Administratrix of the Estate, and as the Surviving Spouse of David MacQueen, deceased,<br><br>Plaintiffs<br><br>Document Type: (E.G. COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>_Complaint_<br><br>Non-Arbitration  _x_          eFile  _x_<br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>Arbitration ___ Mediation ___ Neutral Assessment ___<br><br>DEFENDANT (Circle One)   ACCEPT     REJECT<br><br>JURY DEMAND ___x___ YES _____ NO<br><br>TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE)<br><br>**EXPEDITED    STANDARD    COMPLEX** |
| ATTORNEY NAME(S):<br><br>_Thomas C. Crumplar_<br><br>ATTORNEY ID(S):<br><br>_DE BAR ID #0942_<br>FIRM NAME:<br><br>Jacobs & Crumplar, P. A.<br>ADDRESS:<br><br>2 East 7th Street<br><br>P. O. Box 1271<br><br>Wilmington, DE 19899<br>TELEPHONE NUMBER:<br><br>(302) 656-5445<br>FAX NUMBER:<br><br>(302) 656-5875<br>E-MAIL ADDRESS: Tom@jcdelaw.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br><br>EXPLAIN THE RELATIONSHIP(S):<br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9/2003

EFiled: Mar 28 2013 04:11PM EDT
Transaction ID 51373209
Case No. N13C-03-324 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| Marguerite MacQueen, Individually, as the Administratrix of the Estate, and as the Surviving Spouse of David MacQueen, deceased, | : : : : : | C.A. No. |
| | : | **Original Complaint** |
| | : | |
| | : | Asbestos |
| Plaintiffs, | : | |
| | : | Jury Trial Demanded |
| v. | : | |
| | : | |
| Union Carbide Corporation; | : | |
| | : | |
| Acme Engineering & Manufacturing, as Successor to B.F. Sturtevant Co.; | : : : | |
| | : | |
| Aerco International, Inc.; | : | |
| | : | |
| American Engineering Co.; | : | |
| | : | |
| American Standard, Inc., Individually and as Successor to Kewanee-Ross and Kewanee Boiler Manufacturing Company, Inc. and Kewanee Manufacturing Company and Kewanee Boiler Corporation; | : : : : : : | |
| | : | |
| Atlas Fluid Controls Corp.; | : | |
| | : | |
| Aurora Pump Company; | : | |
| | : | |
| Automatic Switch Company; | : | |
| | : | |
| Barksdale Inc.; | : | |
| | : | |
| Borg-Warner Corporation by its Successor-in-Interest, Borgwarner Morse Tec, Inc.; | : : : | |
| | : | |
| Buffalo Pumps, Inc.; | : | |
| | : | |
| Cameron International Corp., f/k/a Cooper Cameron Corporation, (Successor-in-Interest to Cooper Bessemer Corporation, Grove Regulation Co., A.G. Industries, and Dresser Industries); | : : : : . : : | |

1

Carrier Corporation;                          :
                                              :
CBS Corporation, a Delaware                   :
Corporation, formerly known as                :
Viacom, Inc., Successor by Merger             :
to CBS Corporation, a Pennsylvania            :
Corporation, formerly known as                :
Westinghouse Electric Corporation;            :
                                              :
CLA-VAL Co.;                                  :
                                              :
Cleaver-Brooks, Inc.;                         :
                                              :
Combination Pump & Valve, n/k/a               :
CPV Manufacturing Inc.;                       :
                                              :
Crane Co.;                                    :
                                              :
Dover Corporation, as Successor-              :
in-Interest to Blackmer Pump;                 :
                                              :
Diamond Power International, Inc.;             :
                                              :
Eaton Corporation;                            :
                                              :
Electrolux Corporation, as                    :
Successor-in-Interest to White                :
Consolidated Industries, Inc. and             :
Economy Pump;                                 :
                                              :
Elliott Company;                              :
                                              :
Enpro Industries Inc., f/k/a                  :
Fairbanks Morse Engine;                       :
                                              :
Ericsson, Inc. as Successor-in-               :
Interest to the Anaconda Wire &               :
Cable Company;                                :
                                              :
Gardner Denver, Inc.;                         :
                                              :
General Electric Company;                     :
                                              :
Goulds Pumps, Inc.;                           :
                                              :
Huntington Ingalls Industries,                :
f/k/a Newport News Shipbuilding;              :
                                              :
Hyde Windlass Company, now known              :
as Hyde Marine, Inc., a Calgon                :
Carbon Company;                               :
                                              :

IMO Industries, Inc.;                          :
                                               :
Ingersoll-Rand Company;                        :
                                               :
International Pump Manufacturing               :
Inc.;                                          :
                                               :
Magnum Integrated Technologies                :
Corp. a/k/a Anker Holth;                        :
                                               :
Metropolitan Life Insurance                   :
Company;                                       :
                                               :
3M Company, formerly known as                 :
Minnesota, Mining and                          :
Manufacturing Company a/k/a 3M;                :
                                               :
Northeast Controls Inc., f/k/a                :
Jerguson Gage & Valve Co.;                      :
                                               :
Oakfabco Inc., f/k/a Kewanee                  :
Boiler Manufacturing Company Inc.,            :
and Kewanee-Ross Corporation,                 :
Kewanee Boiler Corporation;                   :
                                               :
Parker-Hannifin Corporation;                  :
                                               :
Patterson Pump Company, as                    :
Successor-in-Interest to CH                    :
Wheeler Manufacturing Co.;                     :
                                               :
Quimby Equipment Co., Inc.;                    :
                                               :
Ross Controls International, Inc.;            :
                                               :
Schutte and Koerting Company;                 :
                                               :
Siemens Water Technologies                    :
Transport Corp., as Successor to              :
Permutit and US Filter;                        :
                                               :
Spence Engineering Company, Inc.,             :
Individually and as Successor to              :
Nicholson Steam Trap Co.;                       :
                                               :
Spirax Sarco, Inc.;                            :
                                               :
Tate Andale Inc. as Successor-in-             :
Interest to Andale;                            :
                                               :
The Marley-Wylain Company,                    :
formerly known as Weil Mclain;                :

3

| | |
|---|---|
| The Trane Company, Individually and as Successor to Kewanee Boiler Corporation; | : |
| | : |
| Wabtec Company, as Successor to Young Radiator and Young Touchstone; | : |
| | : |
| Walter H. Eagan; | : |
| | : |
| Warren Pumps LLC; | : |
| | : |
| Weinman Pump and Supply Company; | : |
| | : |
| Yarway Corporation; | : |
| Defendants. | : |

## Original Complaint

### Count I

### Facts

Comes now Plaintiff Marguerite MacQueen, Individually, as the Administratrix of the Estate, as the Surviving Spouse and on behalf of the late David MacQueen, deceased, by and through her attorneys, JACOBS & CRUMPLAR, P.A. and in support of their claims against the Defendants, states as follows:

1.     Plaintiff Marguerite MacQueen resides at 4337 SW Sapelo Drive, Lee's Summit, Jackson County, Missouri 64082. Plaintiff's decedent David MacQueen resided with her prior to his death.

2.     Plaintiff's decedent David MacQueen's Date of Birth was October 24, 1938 and Social Security Number is XXX-XX-9927.

3.     Plaintiff Marguerite MacQueen's Date of Birth and Social Security Number will be provided.

4

4.   Defendants herein are incorporated as follows:

**Union Carbide Corporation** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Acme Engineering & Manufacturing, as Successor to B.F. Sturtevant Co.** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Aerco International, Inc.** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**American Engineering Co.** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**American Standard, Inc., Individually and as Successor to Kewanee-Ross and Kewanee Boiler Manufacturing Company, Inc. and Kewanee Manufacturing Company and Kewanee Boiler Corporation** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**Atlas Fluid Controls Corp.** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Aurora Pump Company** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Automatic Switch Company** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**Barksdale Inc.** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**Borg-Warner Corporation by its Successor-in-Interest, Borgwarner Morse Tec, Inc.** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Buffalo Pumps, Inc.** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

5

**Cameron International Corp., f/k/a Cooper Cameron Corporation, (Successor-in-Interest to Cooper Bessemer Corporation, Grove Regulation Co., A.G. Industries, and Dresser Industries)** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**Carrier Corporation** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**CBS Corporation, a Delaware Corporation, formerly known as Viacom, Inc., Successor by Merger to CBS Corporation, a Pennsylvania Corporation, formerly known as Westinghouse Electric Corporation** is a Delaware Corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808;

**CLA-VAL Co.** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Cleaver-Brooks, Inc.** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Combination Pump & Valve, n/k/a CPV Manufacturing Inc.** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Crane Co.** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**Dover Corporation, as Successor-in-Interest to Blackmer Pump** is a Delaware Corporation whose registered agent for service of process is The Prentice-Hall Corporation Systems, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808;

**Diamond Power International, Inc.** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**Eaton Corporation** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**Electrolux Corporation, as Successor-in-Interest to White Consolidated Industries, Inc. and Economy Pump** is a Delaware Corporation whose registered agent for service of process is Secretary of State, Townsend Building, Dover, DE 19901-1234;

6

**Elliott Company** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**Enpro Industries Inc., f/k/a Fairbanks Morse Engine** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Ericsson, Inc. as Successor-in-Interest to the Anaconda Wire & Cable Company** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Gardner Denver, Inc.** is a Delaware Corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808;

**General Electric Company** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**Goulds Pumps, Inc.** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**Huntington Ingalls Industries, f/k/a Newport News Shipbuilding** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**Hyde Windlass Company, now known as Hyde Marine, Inc., a Calgon Carbon Company** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**IMO Industries, Inc.** is a Delaware Corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808;

**Ingersoll-Rand Company** is a Delaware Corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808;

**International Pump Manufacturing Inc.** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Magnum Integrated Technologies Corp. a/k/a Anker Holth** is a Delaware Corporation whose registered agent for service of

process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808;

**Metropolitan Life Insurance Company** is an insurance company licensed to do business in the State of Delaware and as such is subject to service of process by serving the Insurance Commissioner of Delaware, 841 Silver Lake Boulevard, Dover, Delaware 19901;

**3M Company, formerly known as Minnesota, Mining and Manufacturing Company a/k/a 3M** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**Northeast Controls Inc., f/k/a Jerguson Gage & Valve Co.** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Oakfabco Inc., f/k/a Kewanee Boiler Manufacturing Company Inc., and Kewanee-Ross Corporation, Kewanee Boiler Corporation** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Parker-Hannifin Corporation** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**Patterson Pump Company, as Successor-in-Interest to CH Wheeler Manufacturing Co.** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Quimby Equipment Co., Inc.** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Ross Controls International, Inc.** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Schutte and Koerting Company** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Siemens Water Technologies Transport Corp., as Successor to Permutit and US Filter** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

8

**Spence Engineering Company, Inc., Individually and as Successor to Nicholson Steam Trap Co**. is a Delaware Corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808;

**Spirax Sarco, Inc**. is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**Tate Andale Inc. as Successor-in-Interest to Andale** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**The Marley-Wylain Company, formerly known as Weil Mclain** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**The Trane Company, Individually and as Successor to Kewanee Boiler Corporation** is a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801;

**Wabtec Company, as Successor to Young Radiator and Young Touchstone** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Walter H. Eagan** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Warren Pumps LLC** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Weinman Pump and Supply Company** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

**Yarway Corporation** is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del.C. § 3104 (c);

5.   As a result of the Defendants' wrongful conduct, Plaintiff's decedent David MacQueen developed and died from the asbestos-related diseases and health problems named herein:

9

### Asbestos-Related Lung Cancer and Asbestosis

and other asbestos-related injuries and diseases. Plaintiff's decedent David MacQueen endured great physical pain and suffering, mental anguish and emotional pain and suffering. Further, as a result of Defendants' wrongful conduct, Plaintiff's decedent David MacQueen was required to review and receive medical treatment to mitigate his asbestos-related disease and injuries, incurring reasonable and necessary costs for medical care, diagnosis and treatment.

6.    The asbestos-related disease aforementioned has put a strain on the physical and emotional system of Plaintiff decedent's family, including Plaintiff Marguerite MacQueen, and has caused, and will continue to cause, physical pain and suffering, mental anguish, and emotional pain to Plaintiff decedent's family.

(a)    On November 18, 2011, as a direct and proximate result of his asbestos-related diseases, David MacQueen died.

(b)    As a result of the Defendants' wrongful conduct which caused David MacQueen's death, Plaintiff Marguerite MacQueen suffered extensive mental anguish and has been and will continue to be deprived of pecuniary benefits, contributions of support, household services and funeral expenses, all of which are recoverable under applicable state law. Plaintiff Marguerite MacQueen is pursuing a wrongful death claim and contends that David MacQueen's death was caused by, occurred as a result of, and but for, his documented asbestos-related diseases.

(c)  Plaintiff Marguerite MacQueen is the Administratrix of the
Estate of David MacQueen, deceased, and as such is pursuing
the estate claims for the injuries David MacQueen suffered
during his life.

7.  The aforementioned asbestos-related injuries and disease
have mandated additional expenses Plaintiff's decedent David MacQueen
should not have been required to bear.

8.  As a direct and proximate result of one or more of the
foregoing acts and/or omissions on the part of Defendants, Plaintiff's
decedent David MacQueen was exposed to and inhaled, ingested or
otherwise absorbed asbestos fibers causing Plaintiff's decedent David
MacQueen  to develop the asbestos-related disease aforesaid, which
disabled  and  disfigured  Plaintiff's  decedent  David  MacQueen.
Plaintiff's decedent David MacQueen was compelled to expend and become
liable for large sums of monies for hospital, medical, and other
health care services necessary for the treatment of his asbestos-
related disease and conditions.  Plaintiff's decedent David MacQueen
experienced great physical pain and mental anguish as a result of his
asbestos-related disease and conditions.  Plaintiff's decedent David
MacQueen was hindered and prevented from pursuing his normal course of
living, thereby losing large sums of income, which he otherwise would
have accrued.

9.  Plaintiff  Marguerite  MacQueen's  recovery  herein  is
predicated upon the substantive law of the State of Missouri.

11

## Count II

### Employment Exposure

10. The allegations in Paragraphs One (1) through Nine (9) are re-alleged and incorporated by reference within this count.

11. Upon information and belief, Plaintiff's decedent David MacQueen was exposed to asbestos and asbestos-containing products in the course of his employment herein noted:

| EMPLOYER | YEARS | NATURE OF EXPOSURE |
|---|---|---|
| United States Navy | 1956 to 1960 | Stationed aboard the U.S.S. Randolph and U.S.S. Independence. |
| Union Carbide Corporation | 1963 to 1980 | Worked in various divisions including the Chemical and Plastics Division as a salesperson for Bakelite phenolic molding compounds, which contained asbestos. |

12. During the course of Plaintiff's decedent David MacQueen's asbestos exposure herein noted, Plaintiff's decedent was wrongly exposed to, inhaled, ingested, and otherwise absorbed asbestos fibers emanating from asbestos-containing products, from various sources, which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by Defendants, as well as components, industrial and construction products, equipment, machinery, and materials.

13. Plaintiff's decedent David MacQueen was exposed to asbestos as a result of the installation, maintenance, servicing and/or removal of Defendants' products which resulted in exposure to asbestos even if though that asbestos was not mined, manufactured, sold, or distributed

by the Defendants. The Defendants involved in this occupational

exposure were:

Union Carbide Corporation;
Acme Engineering & Manufacturing, as Successor to B.F. Sturtevant
Co.;
Aerco International, Inc.;
American Engineering Co.;
American Standard, Inc., Individually and as Successor to
Kewanee-Ross and Kewanee Boiler Manufacturing Company, Inc. and
Kewanee Manufacturing Company and Kewanee Boiler Corporation;
Atlas Fluid Controls Corp.;
Aurora Pump Company;
Automatic Switch Company;
Barksdale Inc.;
Borg-Warner Corporation by its Successor-in-Interest, Borgwarner
Morse Tec, Inc.;
Buffalo Pumps, Inc.;
Cameron International Corp., f/k/a Cooper Cameron Corporation,
(Successor-in-Interest to Cooper Bessemer Corporation, Grove
Regulation Co., A.G. Industries, and Dresser Industries);
Carrier Corporation;
CBS Corporation, a Delaware Corporation, formerly known as
Viacom, Inc., Successor by Merger to CBS Corporation, a
Pennsylvania Corporation, formerly known as Westinghouse Electric
Corporation;
CLA-VAL Co.;
Cleaver-Brooks, Inc.;
Combination Pump & Valve, n/k/a CPV Manufacturing Inc.;
Crane Co.;
Dover Corporation, as Successor-in-Interest to Blackmer Pump;
Diamond Power International, Inc.;
Eaton Corporation;
Electrolux Corporation, as Successor-in-Interest to White
Consolidated Industries, Inc. and Economy Pump;
Elliott Company;
Enpro Industries Inc., f/k/a Fairbanks Morse Engine;
Ericsson, Inc. as Successor-in-Interest to the Anaconda Wire &
Cable Company;
Gardner Denver, Inc.;
General Electric Company;
Goulds Pumps, Inc.;
Huntington Ingalls Industries, f/k/a Newport News Shipbuilding;
Hyde Windlass Company, now known as Hyde Marine, Inc., a Calgon
Carbon Company;
IMO Industries, Inc.;
Ingersoll-Rand Company;
International Pump Manufacturing Inc.;
Magnum Integrated Technologies Corp. a/k/a Anker Holth;

3M Company, formerly known as Minnesota, Mining and Manufacturing
Company a/k/a 3M;
Northeast Controls Inc., f/k/a Jerguson Gage & Valve Co.;
Oakfabco Inc., f/k/a Kewanee Boiler Manufacturing Company Inc.,
and Kewanee-Ross Corporation, Kewanee Boiler Corporation;
Parker-Hannifin Corporation;
Patterson Pump Company, as successor in interest to CH Wheeler
Manufacturing Co.;
Quimby Equipment Co., Inc.;
Ross Controls International, Inc.;
Schutte and Koerting Company;
Siemens Water Technologies Transport Corp., as Successor to
Permutit and US Filter;
Spence Engineering Company, Inc., Individually and as Successor
to Nicholson Steam Trap Co.;
Spirax Sarco, Inc.;
Tate Andale Inc. as Successor-in-Interest to Andale;
The Marley-Wylain Company, formerly known as Weil Mclain;
The Trane Company, Individually and as Successor to Kewanee
Boiler Corporation;
Wabtec Company, as Successor to Young Radiator and Young
Touchstone;
Walter H. Eagan;
Warren Pumps LLC;
Weinman Pump and Supply Company;
Yarway Corporation.

14.   As a result in whole or in part Plaintiff's decedent David
MacQueen contracted an occupational disease, to wit, asbestosis and
asbestos-related lung cancer.  A substantial portion of his employment
was in the State of Missouri and no immunity or exclusivity exists to
an employer for occupational disease pursuant to R.S. Mo Sec. 287.120,
see also, State ex rel KCP&L Greater Missouri Operations Co. v. Cook,
353 S.W. 3d 14 (Mo App. 2011).  As such, his Missouri employer, Union
Carbide Corporation, can be sued for all of his exposure to asbestos
during his employment with Defendant Union Carbide Corporation.

15.   As a direct and proximate result of the negligence and/or
recklessness and/or willfulness of the Defendants, the Plaintiff's
decedent David MacQueen was severely damaged, including, but not

14

limited to, economic loss, loss of consortium, e.g., companionship, comfort, guidance, affection, and aid of her husband.

16. That Plaintiff's decedent David MacQueen suffered prior to his death serious personal injury, medical expenses, loss of enjoyment of life, pain, suffering, loss of full mind and body, and anguish, for which, had he lived, he would have been entitled to bring a cause of action against Defendants and, as such, said damages are sought herein pursuant to R.S.Mo. § 537.085.

17. Plaintiff Marguerite MacQueen, in Count I of her cause of action prays for damages against Defendants which are fair and reasonable for the death and loss of her spouse David MacQueen thus occasioned, including the pecuniary losses suffered by reason of the death, medical expenses, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support provided by David MacQueen to those entitled pursuant to R.S.Mo. § 537.080 to bring this cause of action. Plaintiff Marguerite MacQueen further prays for punitive and exemplary damages David MacQueen suffered between the time of the injury caused by exposure to asbestos and his death. Plaintiff Marguerite MacQueen further prays for damages for the aggravating circumstances attending the death of David MacQueen as a result of the willful, wanton, deliberate, and grossly reckless conduct of Defendants, together with all other relief the Court deems just and proper, and for her costs incurred herein.

## Count III

15

**Employer Liability**

18.   The allegations in paragraphs one (1) through Seventeen (17) are re-alleged and incorporated by reference within this Count.

19.   Defendant   Union   Carbide   Corporation   (a/k/a   "Employer Defendant") owned and/or controlled the safety and working conditions and/or promoted the use of, and/or exposed the Plaintiff's decedent David MacQueen to asbestos and asbestos containing products and other various asbestos sources emanating from the work site of the Missouri plant.

20.   While Plaintiff's decedent David MacQueen was employed by the Employer Defendant and worked on the site of the above named Employer Defendant, and during employment with the Employer Defendant, the Plaintiff's decedent David MacQueen was exposed to asbestos and asbestos-containing products which were known or reasonably knowable to be dangerous substances that were known or should have been known to be inhaled, ingested, absorbed or otherwise emanating from the asbestos materials present, manufactured by and/or being used at said Employer Defendant's site.   These asbestos-containing materials being used on the land of the Employer Defendant of which the Employer Defendant knew or should have known and/or had reason to know of, and had a duty under the circumstances to inspect, warn, make safe or otherwise remedy.   These dangers of asbestos and asbestos-containing products existed prior to Plaintiff's decedent David MacQueen's entrance upon the land of the premise defendant and were not caused or in any way created by Plaintiff's decedent David MacQueen.   The exposure to asbestos-containing products occurred as a result of

16

conduct required by Plaintiff's decedent David MacQueen employment, while within the course and scope of his employment with the Employer Defendant.

21.  As a direct and proximate result of said exposure, the Plaintiff's decedent David MacQueen was diagnosed with the aforementioned asbestos induced illness and disease.

22.  Plaintiff's decedent David MacQueen exposure to and inhalation, ingestion and/or absorption of asbestos-containing products was reasonably foreseeable and could or should have been anticipated by the Employer Defendant, who caused said exposure through its own carelessness and negligence.

23.  The Employer Defendant knew, had reason to know, or should have known that exposure to asbestos-containing products posed an unreasonable risk of harm to the Plaintiff's decedent David MacQueen and others similarly situated.

24.  The Employer Defendant's use of asbestos-containing products at the aforementioned facilities and/or the use of said products by its agents or its employees or others on its premises, in a manner causing release of asbestos fibers, constituted an unreasonably dangerous and an ultra-hazardous activity.  The Employer Defendant is liable for the injuries caused by such activity under the theory of negligence, or strict liability-ultra hazardous activity regardless of the amount of care exercised.

25.  As a direct and proximate result of one or more of the foregoing acts and or omissions on the part of the Employer Defendant, Plaintiff's decedent David MacQueen was exposed to and inhaled,

ingested or otherwise absorbed asbestos fibers causing Plaintiff's decedent to develop Asbestos-related Lung Cancer and Asbestosis, which has disabled and disfigured Plaintiff's decedent. Plaintiff's decedent David MacQueen was compelled to expend and become liable for large sums of monies for health care services necessary for the treatment of his disease and condition. Plaintiff's decedent David MacQueen experience great physical pain and mental anguish as a result of his disease and condition. Plaintiff's decedent David MacQueen was hindered and prevented from pursuing his normal course of living, thereby loosing large sums of income which otherwise would have accrued him.

## Count IV

### Negligence as to Manufacturers, Sellers, Distributors and Installers of Asbestos and Asbestos Containing Products and Components

26. The allegations in paragraphs One (1) through Twenty-Five (25) are re-alleged and incorporated by reference within this Count.

27. The Defendants were negligent in that they failed to exercise ordinary care and caution for the safety of Plaintiff's decedent David MacQueen in that they:

> (a) Failed to substitute, suggest, promote or require the substitution of materials other than asbestos in their products when adequate substitutes, for the asbestos in those products, were available;

> (b) Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons, such as Plaintiff's decedent David MacQueen, working around them would inhale, ingest, or otherwise absorb asbestos;

(c)   Include asbestos in their products when Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious upon the health of persons inhaling, ingesting or otherwise absorbing them;

(d)   Failed to provide any warning or adequately warn all the potential victims of asbestos, including Plaintiff's decedent David MacQueen, as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated of the unreasonable risks of exposure to, inhaling, ingesting, or otherwise absorbing asbestos fibers, knowing that they will not discover or realize the danger or will fail to protect themselves against it;

(e)   Failed to provide any or adequate instructions concerning the safe methods of working in and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(f)   Failed to require and/or advise workers, such as Plaintiff's decedent David MacQueen, of hygiene practices designed to reduce and/or prevent carrying asbestos fibers into the home and thereby exposing family members including Plaintiff;

(g)   Failed to adequately test, research and investigate asbestos and asbestos-containing products manufactured, sold, delivered or installed by the Defendants and/or their effects prior to sale, use, and/or exposure of Plaintiff's decedent David MacQueen, as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated knowing that they would not discover or realize the danger or would fail to protect themselves against it;

(h)   Failed to adequately package, distribute and/or use asbestos and asbestos-containing products manufactured, sold, delivered or installed by the Defendants in a manner, which would minimize the escape of asbestos fibers therefore adding to the exposure of Plaintiff's decedent David MacQueen, as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated knowing that they would not discover or realize the danger or would fail to protect themselves against it;

(i)    Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

(j)    Failed to exercise reasonable care to protect Plaintiff's decedent David MacQueen against the danger and/or take adequate steps to remedy the above failure, including but not limited to recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

28.    During the course of Plaintiff's decedent David MacQueen 's exposure through his employment, Plaintiff's decedent was wrongly exposed to and inhaled, ingested, or otherwise absorbed asbestos fibers, an inherently dangerous and toxic substance emanating from certain products Plaintiff's decedent David MacQueen was working with or exposed to and around were manufactured, sold, distributed, or installed by Defendants:

Union Carbide Corporation;
Acme Engineering & Manufacturing, as Successor to B.F. Sturtevant Co.;
Aerco International, Inc.;
American Engineering Co.;
American Standard, Inc., Individually and as Successor to Kewanee-Ross and Kewanee Boiler Manufacturing Company, Inc. and Kewanee Manufacturing Company and Kewanee Boiler Corporation;
Atlas Fluid Controls Corp.;
Aurora Pump Company;
Automatic Switch Company;
Barksdale Inc.;
Borg-Warner Corporation by its Successor-in-Interest, Borgwarner Morse Tec, Inc.;
Buffalo Pumps, Inc.;
Cameron International Corp., f/k/a Cooper Cameron Corporation, (Successor-in-Interest to Cooper Bessemer Corporation, Grove Regulation Co., A.G. Industries, and Dresser Industries);
Carrier Corporation;
CBS Corporation, a Delaware Corporation, formerly known as Viacom, Inc., Successor by Merger to CBS Corporation, a

20

Pennsylvania Corporation, formerly known as Westinghouse Electric
Corporation;
CLA-VAL Co.;
Cleaver-Brooks, Inc.;
Combination Pump & Valve, n/k/a CPV Manufacturing Inc.;
Crane Co.;
Dover Corporation, as Successor-in-Interest to Blackmer Pump;
Diamond Power International, Inc.;
Eaton Corporation;
Electrolux Corporation, as Successor-in-Interest to White
Consolidated Industries, Inc. and Economy Pump;
Elliott Company;
Enpro Industries Inc., f/k/a Fairbanks Morse Engine;
Ericsson, Inc. as Successor-in-Interest to the Anaconda Wire &
Cable Company;
Gardner Denver, Inc.;
General Electric Company;
Goulds Pumps, Inc.;
Huntington Ingalls Industries, f/k/a Newport News Shipbuilding;
Hyde Windlass Company, now known as Hyde Marine, Inc., a Calgon
Carbon Company;
IMO Industries, Inc.;
Ingersoll-Rand Company;
International Pump Manufacturing Inc.;
Magnum Integrated Technologies Corp. a/k/a Anker Holth;
3M Company, formerly known as Minnesota, Mining and Manufacturing
Company a/k/a 3M;
Northeast Controls Inc., f/k/a Jerguson Gage & Valve Co.;
Oakfabco Inc., f/k/a Kewanee Boiler Manufacturing Company Inc.,
and Kewanee-Ross Corporation, Kewanee Boiler Corporation;
Parker-Hannifin Corporation;
Patterson Pump Company, as successor in interest to CH Wheeler
Manufacturing Co.;
Quimby Equipment Co., Inc.;
Ross Controls International, Inc.;
Schutte and Koerting Company;
Siemens Water Technologies Transport Corp., as Successor to
Permutit and US Filter;
Spence Engineering Company, Inc., Individually and as Successor
to Nicholson Steam Trap Co.;
Spirax Sarco, Inc.;
Tate Andale Inc. as Successor-in-Interest to Andale;
The Marley-Wylain Company, formerly known as Weil Mclain;
The Trane Company, Individually and as Successor to Kewanee
Boiler Corporation;
Wabtec Company, as Successor to Young Radiator and Young
Touchstone;
Walter H. Eagan;
Warren Pumps LLC;
Weinman Pump and Supply Company;
Yarway Corporation.

29.   At all times herein set forth, the Defendants' products were being employed in the proper manner and for the purposes for which they were intended.

30.   Plaintiff's decedent David MacQueen's exposure to and inhalation, ingestion, or absorption of asbestos fibers emanating from the above-mentioned products was completely foreseeable and could or should have been anticipated by the Defendants.

31.   The Defendants knew or should have known that the asbestos fibers used and/or contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

## Count V

### Strict Liability

32. The allegations in paragraphs One (1) through Thirty-One (31) are re-alleged and incorporated by reference within this Count.

33. At the time Defendants and each and all defendants used, installed, manufactured, sold and distributed the asbestos-containing products to which Plaintiff's decedent David MacQueen  was exposed, said products were in a defective condition and unreasonably dangerous in that:

(a)   Said products contained friable asbestos fibers as a constituent substance;

(b)   Said fibers were highly toxic, deleterious, poisonous and harmful to the health of Plaintiff's decedent David MacQueen  and others similarly situated; and

(c)   Said products were not accompanied by any warning/instructions or by inadequate

22

warning/instructions advising of the danger of exposure to asbestos or of precautions to be employed in the use of asbestos-containing products; and

(d)   Said products reached the point of Plaintiff's decedent David MacQueen in substantially the same condition as when used, manufactured, distributed, and sold.

34.   At all times relevant hereto, said products were used in the manner and environment intended, and in the manner reasonably foreseeable and anticipated by Defendants, each of them.

35. The following Defendants are strictly liable to Plaintiff's decedent David MacQueen for all injuries and damages that were contracted as a direct and proximal result of his exposure to asbestos from said products:

Union Carbide Corporation;
Acme Engineering & Manufacturing, as Successor to B.F. Sturtevant Co.;
Aerco International, Inc.;
American Engineering Co.;
American Standard, Inc., Individually and as Successor to Kewanee-Ross and Kewanee Boiler Manufacturing Company, Inc. and Kewanee Manufacturing Company and Kewanee Boiler Corporation;
Atlas Fluid Controls Corp.;
Aurora Pump Company;
Automatic Switch Company;
Barksdale Inc.;
Borg-Warner Corporation by its Successor-in-Interest, Borgwarner Morse Tec, Inc.;
Buffalo Pumps, Inc.;
Cameron International Corp., f/k/a Cooper Cameron Corporation, (Successor-in-Interest to Cooper Bessemer Corporation, Grove Regulation Co., A.G. Industries, and Dresser Industries);
Carrier Corporation;
CBS Corporation, a Delaware Corporation, formerly known as Viacom, Inc., Successor by Merger to CBS Corporation, a Pennsylvania Corporation, formerly known as Westinghouse Electric Corporation;
CLA-VAL Co.;
Cleaver-Brooks, Inc.;
Combination Pump & Valve, n/k/a CPV Manufacturing Inc.;
Crane Co.;
Dover Corporation, as Successor-in-Interest to Blackmer Pump;

23

Diamond Power International, Inc.;
Eaton Corporation;
Electrolux Corporation, as Successor-in-Interest to White
Consolidated Industries, Inc. and Economy Pump;
Elliott Company;
Enpro Industries Inc., f/k/a Fairbanks Morse Engine;
Ericsson, Inc. as Successor-in-Interest to the Anaconda Wire &
Cable Company;
Gardner Denver, Inc.;
General Electric Company;
Goulds Pumps, Inc.;
Huntington Ingalls Industries, f/k/a Newport News Shipbuilding;
Hyde Windlass Company, now known as Hyde Marine, Inc., a Calgon
Carbon Company;
IMO Industries, Inc.;
Ingersoll-Rand Company;
International Pump Manufacturing Inc.;
Magnum Integrated Technologies Corp. a/k/a Anker Holth;
3M Company, formerly known as Minnesota, Mining and Manufacturing
Company a/k/a 3M;
Northeast Controls Inc., f/k/a Jerguson Gage & Valve Co.;
Oakfabco Inc., f/k/a Kewanee Boiler Manufacturing Company Inc.,
and Kewanee-Ross Corporation, Kewanee Boiler Corporation;
Parker-Hannifin Corporation;
Patterson Pump Company, as successor in interest to CH Wheeler
Manufacturing Co.;
Quimby Equipment Co., Inc.;
Ross Controls International, Inc.;
Schutte and Koerting Company;
Siemens Water Technologies Transport Corp., as Successor to
Permutit and US Filter;
Spence Engineering Company, Inc., Individually and as Successor
to Nicholson Steam Trap Co.;
Spirax Sarco, Inc.;
Tate Andale Inc. as Successor-in-Interest to Andale;
The Marley-Wylain Company, formerly known as Weil Mclain;
The Trane Company, Individually and as Successor to Kewanee
Boiler Corporation;
Wabtec Company, as Successor to Young Radiator and Young
Touchstone;
Walter H. Eagan;
Warren Pumps LLC;
Weinman Pump and Supply Company;
Yarway Corporation.


36.    Asbestos and asbestos-containing products are inherently

dangerous and as such all defendants who made or sold asbestos or the

equipment, processes or other things necessary for its use, are

strictly liable to Plaintiff's decedent David MacQueen for all injuries and damages which were contracted thereby.

37.   All Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos, asbestos-containing products and all equipment necessary for their use are strictly liable to Plaintiff's decedent David MacQueen for all the injuries and damages which were contracted thereby.

38.   The handling of asbestos packages, installation, removal and use of asbestos and asbestos-containing products is an ultra-hazardous activity and all Defendants who assisted directly or indirectly in this are strictly liable for the Plaintiff's decedent David MacQueen's injuries which were caused thereby.

39.   The Defendant manufacturers and suppliers warranted the asbestos products for their intended purpose and use.   Defendants violated this warranty, as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to the Plaintiff's decedent David MacQueen for all injuries caused thereby.

### Count VI

#### Willful and Wanton Conduct as to
#### Manufacturers, Sellers, Distributors, and Installers of
#### Asbestos and Asbestos Containing Products and Components

40.   The allegations in paragraphs One (1) through Thirty-Nine (39) are re-alleged and incorporated by reference within this Count.

41.   The   following   Defendants   had   a   duty   to   refrain   from willful,   wanton,   intentional   and/or   reckless   acts   and/or   omissions which would harm Plaintiff's decedent David MacQueen:

Union Carbide Corporation;
Acme Engineering & Manufacturing, as Successor to B.F. Sturtevant Co.;
Aerco International, Inc.;
American Engineering Co.;
American Standard, Inc., Individually and as Successor to Kewanee-Ross and Kewanee Boiler Manufacturing Company, Inc. and Kewanee Manufacturing Company and Kewanee Boiler Corporation;
Atlas Fluid Controls Corp.;
Aurora Pump Company;
Automatic Switch Company;
Barksdale Inc.;
Borg-Warner Corporation by its Successor-in-Interest, Borgwarner Morse Tec, Inc.;
Buffalo Pumps, Inc.;
Cameron International Corp., f/k/a Cooper Cameron Corporation, (Successor-in-Interest to Cooper Bessemer Corporation, Grove Regulation Co., A.G. Industries, and Dresser Industries);
Carrier Corporation;
CBS Corporation, a Delaware Corporation, formerly known as Viacom, Inc., Successor by Merger to CBS Corporation, a Pennsylvania Corporation, formerly known as Westinghouse Electric Corporation;
CLA-VAL Co.;
Cleaver-Brooks, Inc.;
Combination Pump & Valve, n/k/a CPV Manufacturing Inc.;
Crane Co.;
Dover Corporation, as Successor-in-Interest to Blackmer Pump;
Diamond Power International, Inc.;
Eaton Corporation;
Electrolux Corporation, as Successor-in-Interest to White Consolidated Industries, Inc. and Economy Pump;
Elliott Company;
Enpro Industries Inc., f/k/a Fairbanks Morse Engine;
Ericsson, Inc. as Successor-in-Interest to the Anaconda Wire & Cable Company;
Gardner Denver, Inc.;
General Electric Company;
Goulds Pumps, Inc.;
Huntington Ingalls Industries, f/k/a Newport News Shipbuilding;
Hyde Windlass Company, now known as Hyde Marine, Inc., a Calgon Carbon Company;
IMO Industries, Inc.;
Ingersoll-Rand Company;

International Pump Manufacturing Inc.;
Magnum Integrated Technologies Corp. a/k/a Anker Holth;
3M Company, formerly known as Minnesota, Mining and Manufacturing
Company a/k/a 3M;
Northeast Controls Inc., f/k/a Jerguson Gage & Valve Co.;
Oakfabco Inc., f/k/a Kewanee Boiler Manufacturing Company Inc.,
and Kewanee-Ross Corporation, Kewanee Boiler Corporation;
Parker-Hannifin Corporation;
Patterson Pump Company, as successor in interest to CH Wheeler
Manufacturing Co.;
Quimby Equipment Co., Inc.;
Ross Controls International, Inc.;
Schutte and Koerting Company;
Siemens Water Technologies Transport Corp., as Successor to
Permutit and US Filter;
Spence Engineering Company, Inc., Individually and as Successor
to Nicholson Steam Trap Co.;
Spirax Sarco, Inc.;
Tate Andale Inc. as Successor-in-Interest to Andale;
The Marley-Wylain Company, formerly known as Weil Mclain;
The Trane Company, Individually and as Successor to Kewanee
Boiler Corporation;
Wabtec Company, as Successor to Young Radiator and Young
Touchstone;
Walter H. Eagan;
Warren Pumps LLC;
Weinman Pump and Supply Company;
Yarway Corporation.

42.    Defendants named herein willfully and wantonly for their

own economic gain and with reckless indifference to the health and

safety of Plaintiff's decedent David MacQueen, as well as other

business invitees, users, bystanders, household members, members of

the general public, and others similarly situated, are guilty of one

or more of the following acts and/or omissions:

> (a)   Intentionally or with reckless disregard for the
>       safety of Plaintiff's decedent David MacQueen
>       included asbestos in their products when adequate
>       substitutes for the asbestos were available;
>
> (b)   Intentionally or with reckless disregard for the
>       safety of Plaintiff's decedent David MacQueen failed
>       to substitute, suggest, promote or require the
>       substitution of materials other than asbestos in their

products when adequate substitutes, for the asbestos in those products, were available;

(c) Intentionally or with reckless disregard for the safety of Plaintiff's decedent David MacQueen included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons, such as Plaintiff's decedent David MacQueen, working around them would inhale, ingest, or otherwise absorb asbestos;

(d) Intentionally or with reckless disregard for the safety of Plaintiff's decedent David MacQueen included asbestos in their products when Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious upon the health of persons inhaling, ingesting or otherwise absorbing them;

(e) Intentionally or with reckless disregard for the safety of Plaintiff's decedent David MacQueen failed to provide any warning or adequately warn all the potential victims of asbestos, including P Plaintiff's decedent David MacQueen, as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated of the unreasonable risks of exposure to, inhaling, ingesting, or otherwise absorbing asbestos fibers, knowing that they will not discover or realize the danger or will fail to protect themselves against it;

(f) Intentionally or with reckless disregard for the safety of Plaintiff's decedent David MacQueen failed to provide any or adequate instructions concerning the safe methods of working in and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(g) Intentionally or with reckless disregard for the safety of Plaintiff's decedent David MacQueen failed to require and/or advise workers, such as Plaintiff's decedent David MacQueen, of hygiene practices designed to reduce and/or prevent carrying asbestos fibers into the home and thereby exposing family members;

(h) Intentionally or with reckless disregard for the safety of Plaintiff's decedent David MacQueen failed to adequately test, research and investigate asbestos and asbestos-containing products manufactured, sold, delivered or installed by the Defendants and/or their

effects prior to sale, use, and/or exposure of Plaintiff's decedent David MacQueen, as well as other business invitees, users, bystanders, household members, members of the general public and others similarly situated knowing that they would not discover or realize the danger or would fail to protect themselves against it;

(i)     Intentionally or with reckless disregard for the safety of Plaintiff's decedent David MacQueen failed to adequately label, warn, market package, distribute, install, remove, and/or use asbestos and asbestos-containing products manufactured, sold, delivered or installed by the Defendants in a reasonable manner which would minimize the escape of asbestos fibers therefore adding to the exposure of Plaintiff's decedent David MacQueen, other business invitees, users, bystanders, household members, members of the general public and others similarly situated knowing that they would not discover or realize the danger or would fail to protect themselves against it;

(j)     Intentionally or with reckless disregard for the safety of Plaintiff's decedent David MacQueen designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components;

(k)     Intentionally or with reckless disregard for the safety of Plaintiff's decedent David MacQueen failed to exercise reasonable care to protect Plaintiff against the danger and/or take adequate steps to remedy the above failure, including but not limited to recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place;

(l)     Intentionally or with reckless disregard for the safety of Plaintiff's decedent David MacQueen, other business invitees, users, bystanders, household members, members of the general public and others similarly situated concealed information concerning the health effects of exposure to asbestos knowing that they would not discover or realize the danger or would fail to protect themselves against it;

29

43.   The aforementioned Defendants knowing of significant risks of health hazards resulting from exposure to asbestos did willfully, wantonly, recklessly and/or intentionally;

    (a)   Conceal the existence, nature and extent of that risk; and,

    (b)   Failed to warn and disclose the existence, nature and extent of that unreasonable risk to Plaintiff's decedent David MacQueen, other business invitees, users, bystanders, household members, members of the general public and others similarly situated;

    (c)   That the aforementioned Defendants knew or should have known of the unreasonable risk and that invitees, such as Plaintiff's decedent David MacQueen, other business invitees, users, bystanders, household members, members of the general public and others similarly situated; would not be expected to discover or realize the danger or would fail to protect themselves against it;

44.   The Defendants had reason to expect that Plaintiff's decedent David MacQueen, whose injuries were caused by his exposure to Defendants' asbestos-containing products, was within the class of persons whose actions or inaction would be materially affected by the aforementioned concealment and nondisclosure.

45.   No manufacturer or supplier, who had or should have had knowledge of the dangers of asbestos, provided any information, to the user of its products or the customers of its products that warned that removing asbestos-containing materials caused deadly illness.   No manufacturer provided any information on how to safely remove these asbestos products at any time to anyone who they could identify had purchased these asbestos-containing products.

46.   As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff's

decedent David MacQueen was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff's decedent to develop the asbestos-related disease aforesaid, which had disabled and disfigured Plaintiff's decedent.

47. In addition to Compensatory Damages, an award of Punitive Damages is appropriate and necessary in order to punish Defendants and each of them, for their willful, wanton, intentional and/or reckless misconduct and to deter each Defendant and others similarly situated from engaging in like misconduct in the future.

## Count VII

### Conspiracy Against Metropolitan Life Insurance Company

48. The allegations in paragraphs One (1) through Forty-Seven (47) are re-alleged and incorporated by reference within this Count.

49. Defendant Metropolitan Life Insurance Company agreed and conspired with the Defendants named herein and with other miners, manufacturers, sellers, distributors, and installers of asbestos-containing products to suppress and misrepresent the hazards of exposure to asbestos.

50. Defendant Metropolitan Life Insurance Company, as well as other members of the asbestos industry, including but not limited to defendants listed herein, engaged in investigations and research as to the hazards of asbestos and often edited out material deemed to be potentially harmful to the asbestos industry and only published favorable portions of their findings and/or refrained from publishing anything. Furthermore, Metropolitan Life Insurance Company

31

financially aided the asbestos industry in its endeavors to mislead and obfuscate.

51. The Defendants knowingly and willfully conspired among themselves to perpetuate the actions and omissions referred to herein as well as aided and abetted their co-defendants and manufacturers of asbestos-containing products in keeping the Plaintiff's decedent David MacQueen, other business invitees, users, bystanders, household members, members of the general public and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products knowing that they would not discover or realize the danger or would fail to protect themselves against it.

52. The Defendants directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

   (a)   Had no adequate basis for such representations;

   (b)   Knew that a significant health hazard to human life existed from asbestos.

53. Defendants had reason to expect that as a result of such representation, Plaintiff's decedent David MacQueen, other business invitees, users, bystanders, household members, members of the general public and others similarly situated would be exposed to asbestos.

54. Even after the dangers of asbestos finally began to be known to Plaintiff's decedent David MacQueen, other business invitees, users, bystanders, household members, members of the general public or others similarly situated, defendants continued to act wrongfully both individually and together in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy

records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

(a) Prevent and delay Plaintiff's decedent David MacQueen, and others similarly situated from filing legal action to recover for these injuries and/or;

(b) Defeat and/or delay such legal actions and the final collection of any judgment.

55. Similarly, Defendants aided and abetted the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

56. As a direct and proximate result of the above wrongful conspiracy of the Defendants, Plaintiff's decedent David MacQueen was exposed to asbestos and Plaintiff's decedent developed the asbestos-related disease discussed and sustained the injuries described herein.

## Count VIII

### Loss of Consortium

57. The allegations in paragraphs one (1) through Fifty-Six (56) are re-alleged and incorporated by reference within this Count.

58. Plaintiff Marguerite MacQueen was married to David MacQueen. As a result of Defendants' wrongful conduct, which caused her husband's above stated asbestos-related diseases, Plaintiff Marguerite MacQueen has and will in the future suffer a loss of support, consortium and society of her husband, together with related mental anguish and pain and suffering.

WHEREFORE, Plaintiff demands judgment against each of the Defendants jointly and severally for such sums, including, but not limited to prejudgment interest, as would be necessary to compensate the Plaintiffs for the injuries she suffered.

WHEREFORE, Plaintiff further demands judgment against each of the Defendants for punitive damages.

WHEREFORE, Plaintiff further demands payment by each of the Defendants jointly and severally of the costs and attorney fees of this action.

**JACOBS & CRUMPLAR, P.A.**

By: */s/ Thomas C. Crumplar, Esquire*
Thomas C. Crumplar, DE #0942
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899
(302) 656-5445
Attorney for Plaintiffs

Of Counsel:

**EDELMAN & THOMPSON, L.L.C.**

James T. Thompson
Melissa L. Steed
3100 Broadway – Suite 1400
Kansas City, Missouri 64111
Phone: (816) 561-3400
Facsimile: (816) 561-1664
jamesthompson@etkclaw.com
msteed@etkclaw.com

**DAVID C. THOMPSON, P.C.**

David C. Thompson
321 Kittson Avenue
P.O. Box 5235
Grand Forks, ND 58206-5235
Phone: (701) 775-7012
Facsimile: (701) 775-2520

34