## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARGUERITE MACQUEEN,                    )
Individually and as the Surviving Spouse )
of David MacQueen, Deceased,            )
                                         )
      Plaintiff,                      )
                                         )
    v.                                 )    Civil Action No. 13-831-SLR-CJB
                                         )    Consolidated
UNION CARBIDE CORPORATION,              )
et al.,                                  )
                                         )
      Defendants.                     )

### MEMORANDUM ORDER

Presently pending before the Court in this asbestos-related personal injury action is a motion filed by Plaintiff Marguerite MacQueen ("Plaintiff") seeking leave to file a Third Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2) (the "motion to amend"), (D.I. 201), and Defendant Huntington Ingalls Industries, Inc.'s ("HI Industries") Motion to Strike Plaintiff's Sur-reply to Defendant's Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted (the "motion to strike"), (D.I. 208). For the reasons discussed below, the Court GRANTS Plaintiff's motion to amend, and DENIES HI Industries' motion to strike.

## I.    BACKGROUND

On March 28, 2013, Plaintiff filed this lawsuit in the Superior Court of Delaware, in and for New Castle County. (D.I. 1, ex. 1 ("Complaint")) In the Complaint, Plaintiff asserted state law causes of action based on David MacQueen's ("MacQueen") alleged exposure to asbestos and asbestos-containing products while employed: (1) by the United States Navy as a welder/machinist aboard the U.S.S. Randolph and the U.S.S. Independence from 1956 to 1960;

and (2) as a salesman by Union Carbide Corporation from approximately 1963 to 1980. (Complaint at ¶ 11; D.I. 36, ex. 2)  On May 10, 2013, Defendants Crane Company and Elliott Company ("Removing Defendants") filed respective notices of removal in this Court.  (D.I. 1)[1] This consolidated case was later referred to the Court by Judge Sue L. Robinson on September 11, 2013, for the Court to "conduct all proceedings . . . [and] hear and determine all motions[], through and including the pretrial conference." (D.I. 152)

On January 28, 2014, HI Industries filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "motion to dismiss").  (D.I. 197)  In its motion to dismiss, HI Industries asserted that Plaintiff sued the wrong party, as "the present Complaint contains insufficient allegations or any theory of liability for which HI Industries would be liable for the actions or events taking place at a shipyard that is owned and operated by one of its subsidiaries, Huntington Ingalls Incorporated ('HI Inc.'), an unnamed party to this action." (*Id.* at ¶ 1)  In her Response to the motion to dismiss, Plaintiff conceded that she "mistakenly sued [HI Industries] instead of [HI Inc.]." (D.I. 201 at ¶ 1)

In the body of that same Response, Plaintiff also put forward a separate request for relief: what was, in essence, a motion seeking leave to file a Third Amended Complaint, pursuant to Rule 15(a)(2). (*Id.* at ¶¶ 2-5)  The request really should have been brought in the form of a stand-alone motion seeking leave to file an amended complaint.  This is because (from a legal perspective) the request is one seeking a new form of relief by way of a Court order, *see* Fed. R.

---

[1]    Because Removing Defendants filed two separate notices of removal, this Court opened two separate actions, Civil Action Nos. 13-831-SLR-CJB and 13-835-SLR-CJB, both entitled *MacQueen v. Union Carbide Corp., et al.*  The actions have since been consolidated, and Civil Action No. 13-831 has been designated as the lead case.  Citations to docket numbers are to documents that have been filed in the lead case.

Civ. P. 7(b), and because (from a practical perspective) filing a separate motion might have

helped eliminate some of the docket confusion that followed.[2]  Nevertheless, the Court will

construe the request as if it had been filed as a stand-alone motion seeking leave to file an

amended complaint.[3]  *See, e.g.*, *Wallace v. Deposit Guar. Nat'l Bank*, No. 100CV37-D-D, 2000

WL 798831, at *2 (N.D. Miss. May 23, 2000) (citing Fed. R. Civ. P. 7(b)(1) & 15(a)).

Plaintiff included, as an exhibit to its Response, a proposed Third Amended Complaint

("TAC").  (*Id.*, ex. C)  The TAC, *inter alia*, eliminates any reference to HI Industries that was

made in the Second Amended Complaint, and replaces it with a reference to HI Inc.  (*Id.*)[4]

## II.  STANDARD OF REVIEW

Rule 15(a) provides that, other than in certain circumstances where a party may amend a

pleading as a matter of course, a party may do so "only with the opposing party's written consent

or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The rule further explains that a court should

"freely give leave [to amend the pleadings] when justice so requires."  *Id.*  In line with the

requirements of the rule, the Third Circuit has adopted a liberal approach in allowing

---

[2]  Following Plaintiff's Response, HI Industries filed a reply brief in support of its motion to dismiss, in which it set out its opposition to Plaintiff's request to file a Third Amended Complaint.  (D.I. 204)  Plaintiff then filed a sur-reply responding to HI Industries' arguments.  (D.I. 205)  This prompted HI Industries to next file the motion to strike Plaintiff's sur-reply on the ground that Plaintiff failed to obtain leave of Court to file it, in violation of Local Rule 7.1.2(b).  (D.I. 208)

[3]  As a result, the Court hereby DENIES HI Industries' motion to strike.  The Court's decision to construe Plaintiff's request as a motion seeking leave to file a Third Amended Complaint, and the fact that HI Industries' reply brief and Plaintiff's sur-reply effectively operate as a responsive brief and reply brief to such a motion, suggest that denial of the motion to strike is appropriate here.

[4]  In a separate Report and Recommendation issued today, the Court recommends granting HI Industries' motion to dismiss.

amendments under Rule 15, in order to ensure that "claim[s] will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990); *see also Aerocrine AB v. Apieron Inc.*, Civ. No. 08-787-LPS, 2010 WL 1225090, at *7 (D. Del. Mar. 30, 2010). In line with these considerations, the "factors [that a court should] consider in weighing a motion for leave to amend are well-settled: (1) whether the amendment has been unduly delayed; (2) whether the amendment would unfairly prejudice the non-moving party; (3) whether the amendment is brought for some improper purpose; and (4) whether the amendment is futile." *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, Civ. No. 11-54-SLR, 2012 WL 2365905, at *2 (D. Del. June 21, 2012) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Aerocrine AB*, 2010 WL 1225090, at *7. The non-movant bears the burden to demonstrate that the proposed amendment should be denied. *See, e.g.*, *Campbell v. Sedgwick Detert, Moran & Arnold*, Civil No. 11-642-ES-SCM, 2013 WL 1314429, at *2 (D.N.J. Mar. 28, 2013) (citing *Foman*, 371 U.S. at 182); *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010).

## III.   DISCUSSION

In opposing the motion to amend, HI Industries raises only the final factor set out above—futility. (D.I. 204) HI Industries acknowledges that HI Inc. is its wholly-owned subsidiary, (D.I. 197 at ¶¶ 1, 3), and argues that HI Inc. lacks the requisite contacts with the State of Delaware to support personal jurisdiction here, (D.I. 204 at 1-4). The proposed amended complaint would therefore be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2), HI Industries contends, and so Plaintiff's motion to amend should be denied as futile.

(D.I. 204 at 1-4)[5] For her part, Plaintiff alleges in the proposed TAC that HI Inc. "is a foreign

business entity doing business in the State of Delaware and subject to service of process pursuant

to 10 Del. C. § 3104(c)" and that "jurisdiction against [HI Inc.] is predicated on the fact that they

supplied a ship which they knew or should have known would travel throughout the world

including but not limited to Delaware." (D.I. 201, ex. C at ¶ 4)

     Courts in the Third Circuit have expressed a "general reluctance . . . to rule on personal

jurisdiction questions in the context of a motion for leave to amend a complaint." *Synthes, Inc. v.

Marotta*, 281 F.R.D. 217, 230 (E.D. Pa. 2012) (citing cases). This is because the parties'

arguments at this stage typically rest on sparse factual records that leave courts with insufficient

evidentiary bases on which to conclusively rule on the issue.[6] *See, e.g., id.* at 231 (declining to

deny leave to amend based on challenge to personal jurisdiction where only a limited factual

record was provided to the court regarding the jurisdictional question); *Metex Mfg. Corp. v.

Manson Envtl. Corp.*, Civil Action No. 05-2948 (HAA), 2008 WL 474100, at *4 (D.N.J. Feb. 15,

---

[5]    The Court has some question as to HI Industries' standing to assert this claim of futility under these circumstances—in essence, on behalf of HI Inc., an entity that is not yet a defendant. *See Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229-30 (E.D. Pa. 2012) (citing cases for proposition that defendant lacks standing to raise absence of personal jurisdiction on behalf of proposed co-defendants); *see also Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, Civil No. 13-5592 (NLH/AMD), 2014 WL 988829, at *2 & n.2 (D.N.J. Feb. 27, 2014) (same). Some courts, however, have permitted parties in HI Industries' shoes to do so. *See, e.g., Agri Star Meat & Poultry, LLC v. Moriah Capital, L.P.*, No. C10-1019, 2011 WL 1743712, at *6-7 (N.D. Iowa May 6, 2011). As the Court ultimately relies on alternative grounds here to grant the motion to amend, the Court need not address this issue further and will assume, without deciding, that HI Industries can press this claim here.

[6]    Relatedly, this Court has noted that since a plaintiff is not required to allege facts that support a finding of personal jurisdiction in a complaint, the procedural posture here is one ill-suited to a full airing of personal jurisdiction issues. *Mylan Pharms., Inc. v. Kremers Urban Dev.*, No. Civ.A. 02-1628 GMS, 2003 WL 22711586, at *4 (D. Del. Nov. 14, 2003); *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995).

2008) (same); *Mylan Pharms., Inc. v. Kremers Urban Dev.*, No. Civ.A. 02-1628 GMS, 2003 WL 22711586, at *4 (D. Del. Nov. 14, 2003) (same). Accordingly, "[w]here the court could conceivably have personal jurisdiction over a defendant sought to be added via an amended complaint, the court should not, despite objection by existing parties, deny leave to amend based on futility challenges." *Synthes, Inc.*, 281 F.R.D. at 231 (internal quotation marks and citations omitted). Challenges to personal jurisdiction are better raised by the proposed defendant in a motion to dismiss pursuant to Rule 12(b)(2), upon that defendant's entry of appearance in the case. *See id.*; *Wolfson v. Lewis*, 168 F.R.D. 530, 534 (E.D. Pa. 1996).

In line with these decisions, and in light of the underdeveloped record before it, the Court declines to determine at this stage that it lacks personal jurisdiction over HI Inc. Based on the factual allegations Plaintiff has made in the TAC and on her arguments, the Court cannot say that it is *inconceivable* that personal jurisdiction could exist over HI Inc. The Court therefore finds that allowing the proposed amendment is, at this stage of the proceedings, in the interest of justice, and the Court will therefore GRANT Plaintiff's motion to amend.

This decision is made without prejudice to HI Inc.'s ability to raise the defense of lack of personal jurisdiction in a later motion to dismiss, filed pursuant to Rule 12(b)(2), if it chooses to do so. The Court offers no opinion at this time on the merits of such a motion.[7]

---

[7]     To the extent Plaintiff, in its sur-reply brief, was asking the Court at this time to order jurisdictional discovery on the question of whether there is personal jurisdiction over HI Inc., the Court declines that request as premature. If HI Inc. does file a Rule 12(b)(2) motion and cites to evidence in support of its assertion of no personal jurisdiction, and Plaintiff thereafter seeks jurisdictional discovery on that question (in lieu of seeking a ruling that personal jurisdiction exists), then Plaintiff would have the burden, at that time, to put forward "some competent evidence" to support the request for such discovery. *E.I. Du Pont de Nemours & Co. v. Heraeus Holding GmbH*, Civ. Action No. 11-773-SLR-CJB, 2012 WL 4511258, at *11 (D. Del. Sept. 28, 2012) (citing cases).

## IV.    CONCLUSION

For the reasons set forth above, the Court hereby ORDERS that Plaintiff's motion to

amend is GRANTED and that HI Industries' motion to strike is DENIED.[8]

Dated: April 1, 2014

_Christopher J. Burke_

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

[8]      HI Industries' request for oral argument is denied.  (D.I. 209)

7