# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE: ASBESTOS LITIGATION:

| | | |
|---|---|---|
| MARGUERITE MACQUEEN, | § | |
| Individually and as the Surviving Spouse of | § | |
| DAVID MACQUEEN, deceased, | § | |
| | § | CA NO. 1:13-cv-00831-SLR-CJB |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| UNION CARBIDE CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

## HUNTINGTON INGALLS INCORPORATED'S MOTION TO DISMISS

Defendant Huntington Ingalls Incorporated ("HII") moves the Court pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for an order dismissing plaintiff's Third Amended Complaint as to HII because the Court lacks personal jurisdiction over HII.   An affidavit and memorandum in support are filed contemporaneously herewith.

Dated:  April 28, 2014.

Respectfully submitted,
SWARTZ CAMPBELL, LLC

*/s/ Allison L. Texter*
Beth E. Valocchi, Esq. (DE#2294)
Allison L. Texter, Esq. (DE#3531)
300 Delaware Avenue, Suite 1410
P.O. Box 330
Wilmington, DE 19899
 (302) 656-5935

ACTIVE/72337800.4

Gus P. Coldebella
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA
(617) 570-1000

Frederick R. McGowen
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Shauneen Garrahan Werlinger
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001-4432
(202) 346-4000

Attorneys for Defendant
Huntington Ingalls Incorporated

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

IN RE: ASBESTOS LITIGATION:

| | | |
|---|---|---|
| MARGUERITE MACQUEEN, | § | |
| Individually and as the Surviving Spouse of | § | |
| DAVID MACQUEEN, deceased, | § | |
| | § | CA NO. 1:13-cv-00831-SLR-CJB |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| UNION CARBIDE CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM IN SUPPORT OF**
**HUNTINGTON INGALLS INCORPORATED'S MOTION TO DISMISS**

## I.   INTRODUCTION

Plaintiff's Complaint should be dismissed as to defendant Huntington Ingalls Incorporated ("HII"), because the Court lacks personal jurisdiction over HII.  This suit arises from plaintiff's allegations in her Third Amended Complaint ("Complaint") that decedent David MacQueen was diagnosed with asbestos-related diseases and died after being exposed to purportedly over 50 defendants' asbestos or asbestos-containing products and/or equipment, over the course of approximately 20 years, at various worksites.  On behalf of the decedent, plaintiff alleges several counts, including negligence and strict liability.  Plaintiff also alleges a derivative claim for loss of consortium.  D.I. 217: Complaint ¶¶ 5–6, 11-13, 15, 28, 58.

With respect to HII, a Virginia corporation that has its principal place of business in Virginia and builds ships for the U.S. Navy in Virginia, Mississippi and Louisiana, Plaintiff alleges that only that HII "supplied a ship," D.I. 217: Complaint ¶ 4, and that from 1956 to 1960, while in the U.S. Navy, the decedent was exposed to asbestos while stationed aboard the U.S.S.

Randolph and U.S.S. Independence.  *Id.* ¶ 11.  Plaintiff does not state whether she associates either of these ships with HII or with any other defendant.

Plaintiff fails to demonstrate how this Court has jurisdiction over HII.  As set forth below in detail, neither specific personal jurisdiction nor general personal jurisdiction exists.  Specific personal jurisdiction does not exist because there is no nexus between the alleged wrongful conduct and the State of Delaware.  Plaintiff resides in Missouri, is not a citizen or resident of Delaware, and alleges that the decedent resided and was exposed to asbestos in Missouri.  *See id.* ¶¶ 1, 14.  Plaintiff does not allege that HII has engaged in any conduct within Delaware that allegedly caused or contributed to the alleged injuries.  *See generally*, *id.*  General personal jurisdiction does not exist because HII is not incorporated in Delaware and does not have a principal place of business there.  As neither specific nor general personal jurisdiction can be exercised over HII, plaintiff's Complaint should be dismissed as to HII.

## II.    LAW AND ARGUMENT

### A.    BURDEN ON MOTION TO DISMISS

When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden of showing that jurisdiction exists, and the burden does not shift to the party challenging jurisdiction.  *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).  To meet this burden, a plaintiff must produce "sworn affidavits or other competent evidence."  *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).  Conclusory allegations are insufficient.  *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 476 (D. Del. 1995) ("This Court is *not* bound to accept as true the allegations in plaintiff's complaint for the purposes of determining . . . personal jurisdiction.").

B.     REQUIREMENTS FOR EXERCISING PERSONAL JURISDICTION

As a starting point in any personal jurisdiction analysis, courts must look to the state's long-arm statute, as it sets out the jurisdictional limits within that state.  In addition, notwithstanding the scope of the state's long-arm statute, courts must, in all instances, assure that the exercise of personal jurisdiction comports with the Due Process Clause of the United States Constitution.  Delaware's long-arm statute has been construed as extending jurisdiction to the "maximum extent possible under the Due Process Clause" of the United States Constitution. *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010) (quoting *Hercules Inc. v. Leu Trust & Banking (Bahamas) Ltd*., 611 A.2d 476, 480–81 (Del.1992)); *Intel Corp. v. Broadcom Corp*., 167 F. Supp. 2d 692, 700 (D. Del. 2001).  Thus, courts in Delaware need determine only whether their exercise of personal jurisdiction over a defendant is consistent with the due process requirements of the United States Constitution.

In the last three years, the United States Supreme Court has confirmed long-standing personal jurisdiction jurisprudence in four separate decisions.  *See Walden v. Fiore*, 134 S. Ct. 1115 (2014); *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011); *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011).  In each of those cases, the U.S. Supreme Court has confirmed that for a court to assert personal jurisdiction over a non-resident defendant, a plaintiff must prove that the defendant has "certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Walden*, 134 S. Ct. at 1121 (quoting *International Shoe Co. v. Washington*, 326 U. S. 310, 316 (1945), and *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)) (internal quotation omitted); *see also Daimler*, 134 S. Ct. at 754; *Goodyear*, 131 S. Ct. at 2853; *McIntyre*, 131 S. Ct. at 2787.

3

Two categories of personal jurisdiction – specific and general – have developed. *See Daimler*, 134 S. Ct. at 751. *Walden* and *McIntyre* involved specific personal jurisdiction, while *Daimler* and *Goodyear* involved general personal jurisdiction. However, in all four decisions, the Court discussed the requirements and limitations of both specific and general jurisdiction.

The hallmark of specific personal jurisdiction is the requirement of a nexus between the allegedly wrongful conduct and the forum. As the Court in *Walden* confirmed, the inquiry with respect to specific jurisdiction over an out-of-state defendant "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 134 S. Ct. at 1121 (internal quotation omitted); *see also McIntyre*, 131 S. Ct. at 2797-98 (quoting *Goodyear,* 131 S. Ct. at 2851) (stating specific jurisdiction turns on an "affiliatio[n] between the forum and the underlying controversy"). In short, specific jurisdiction arises only if a defendant's activities were "purposefully" directed to the forum, and the litigation involves injuries that allegedly "arise[] out of or relate[] to" those activities. *Daimler*, 134 S. Ct. at 754 (internal quotation omitted); *see also Walden*, 134 S. Ct. at 1122; *Goodyear,* 131 S. Ct. at 2854; *McIntyre*, 131 S. Ct. at 2787. As is well-recognized, a court cannot exercise specific jurisdiction over an out-of-state defendant where the "episode-in-suit" occurred outside the forum. *See Goodyear*, 131 S. Ct. at 2851, 2855 (stating specific jurisdiction could not be established where such was the case). Stated differently, a defendant is subject to the coercive power of the state only if "that power is exercised in connection with the defendant's activities touching on the State." *McIntyre*, 131 S. Ct. at 2788; *see also Walden*, 134 S. Ct. at 1122. As discussed below, plaintiff's and decedent's alleged injuries could not possibly have arisen from activities directed by HII to Delaware, so HII is not subject to the coercive power of Delaware courts.

ACTIVE/72337800.4

In contrast to specific jurisdiction, general jurisdiction does not require that the injury arise out of or relate to activities purposefully directed to the forum state. As a result, general jurisdiction is limited to where the defendant is "essentially at home" in the forum state. *Daimler*, 134 S. Ct. at 754 (citing *Goodyear,* 131 S.Ct. at 2851); *McIntyre*, 131 S. Ct. at 2787 ("[T]hose who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter."); *see also Daimler*, 134 S. Ct. at 763. The Supreme Court was clear that for a corporation, "home" is where it is incorporated and where it maintains its principal place of business. *Daimler*, 134 S. Ct. at 760; *Goodyear,* 131 S.Ct. at 2851; *see also McIntyre*, 131 S. Ct. at 2787. As discussed below, HII is not "at home" nor has any presence in Delaware and thus has a due process right not to be subjected to judgment in Delaware's courts.

### C. THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER HII.

HII's motion to dismiss for lack of personal jurisdiction should be granted because plaintiff cannot make even a *prima facie* showing of personal jurisdiction over HII. Specific personal jurisdiction cannot be established because no nexus exists between plaintiff's and decedent's alleged injuries, HII's shipbuilding activities, and the State of Delaware. General personal jurisdiction cannot be established because HII it is not incorporated in Delaware and does not have a principal place of business there.

### 1. Specific Personal Jurisdiction Does Not Exist As to HII.

For there to be specific personal jurisdiction over a defendant, the defendant must purposefully direct its activities to the forum, and the litigation must arise out of or relate to those activities. *Walden*, 134 S. Ct. at 1122; *Daimler*, 134 S. Ct. at 754; *Goodyear,* 131 S. Ct. at 2854;

*McIntyre*, 131 S. Ct. at 2787.  Without showing that their cause of action arose from any conduct of HII occurring within Delaware, plaintiff cannot establish specific personal jurisdiction.

As stated above, plaintiff is not, and decedent was not, a Delaware resident, and plaintiff does not allege that decedent was exposed to asbestos or sustained an injury in the State of Delaware.  Plaintiff's vague allegation that HII "supplied a ship" does not indicate any nexus between plaintiff's or decedent's alleged injuries, HII and Delaware, because HII has never conducted shipbuilding activity in Delaware.  Ex A: Helpinstill Aff. ¶ 6.  There simply is no nexus between plaintiff's alleged injuries, HII and Delaware.  Without such a nexus, there can be no specific jurisdiction.  *See Walden*, 134 S. Ct. at 1122 (holding effects of out-of-state defendant's alleged conduct were "not connected to the forum State in a way that makes those effects a proper basis for jurisdiction"); *ICT Pharm., Inc. v. Boehringer Ingelheim Pharm., Inc*., 147 F. Supp. 2d 268, 271 n.4 (D. Del. 2001) (finding in this Court that no basis existed to assert specific jurisdiction when there was "no indication of record that the moving defendants performed any acts in Delaware related to plaintiff's claims").

Plaintiff's sole allegation that HII has any connection to Delaware is a conclusory statement that HII is "a foreign business entity doing business in the State of Delaware."  D.I. 217: Complaint ¶ 4.  This allegation is not only incorrect but entitled to no weight.  Ex A: Helpinstill Aff.; *see, e.g., Mass. Sch. of Law at Andover, Inc. v. Am. Bar. Ass'n.,* 107 F.3d 1026, 1042 (3d Cir.1997) (holding that conclusory allegation that defendant "transacts business" in specific state is "clearly frivolous" basis for jurisdictional discovery).  As there is no indication that HII performed any act in Delaware related to plaintiff's claims, specific personal jurisdiction does not exist over HII in this case.

ACTIVE/72337800.4

### 2. General Personal Jurisdiction Does Not Exist As to HII.

The Court likewise cannot exercise general personal jurisdiction over HII. General personal jurisdiction may be exercised over a defendant corporation only where that defendant is "essentially at home in the forum State." *Daimler*, 134 S. Ct. at 754 (quoting *Goodyear,* 131 S. Ct. at 2851). "The place of incorporation and principal place of business" are where a corporation is essentially at home and are the bases of general jurisdiction over a corporation. *See Daimler*, 134 S. Ct. at 760. HII is incorporated in Virginia and has its principal place of business in Virginia. Ex A: Helpinstill Aff. ¶¶ 3, 5. Because HII is not incorporated in Delaware and does not have a place of business in Delaware, HII is not subject to general personal jurisdiction in Delaware courts. As *Daimler* confirms, the general jurisdiction inquiry ends here: plaintiff cannot establish general jurisdiction.

Finally, Mr. Helpinstill's affidavit makes clear that HII:

- does not perform any shipbuilding or manufacturing activities in Delaware (Helpinstill Aff. ¶ 6);

- does not hold a license to conduct business in Delaware (*id*. ¶ 7);

- does not own or lease any real property, and does not own any personal property or assets, in Delaware (*id*. ¶ 8);

- does not have an office, facility, street address, P.O. Box or telephone listing in Delaware (*id*. ¶ 9);

- does not maintain a bank account in Delaware or keep corporate books and records in Delaware (*id*. ¶ 10);

- does not market its products in Delaware (*id*. ¶ 11); and

- does not send agents to Delaware to conduct business (*id*. ¶ 12).

7

Thus, there is no possible way that HII could ever be considered at home in Delaware, as it has not had substantial, continuous or systematic contact with Delaware, as Mr. Helpinstill's affidavit clearly demonstrates.  In no sense is Delaware HII's "home".

In sum, the *Goodyear* and *Daimler* decisions are clear that a corporation is subject to general jurisdiction only in its state of incorporation or where it maintains its principal place of business—the places where the corporation is "at home."   HII is clearly not "at home" in Delaware, and plaintiff cannot show otherwise.  There is no general personal jurisdiction over HII in Delaware.  Accordingly, this Court does not have personal jurisdiction over HII and must dismiss this action as to it.

## III.    CONCLUSION

Wherefore, defendant HII requests this Court enter an order dismissing plaintiff's claims against HII for lack of personal jurisdiction.

Dated:  April 28, 2014.

                              Respectfully submitted,
                              SWARTZ CAMPBELL, LLC

                              */s/ Allison L. Texter*
                              Beth E. Valocchi, Esq. (DE#2294)
                              Allison L. Texter, Esq. (DE#3531)
                              300 Delaware Avenue, Suite 1410
                              P.O. Box 330
                              Wilmington, DE 19899
                              (302) 656-5935

                              Gus P. Coldebella
                              GOODWIN PROCTER LLP
                              Exchange Place
                              53 State Street
                              Boston, MA
                              (617) 570-1000

ACTIVE/72337800.4

Frederick R. McGowen
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Shauneen Garrahan Werlinger
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001-4432
(202) 346-4000

Attorneys for Defendant
Huntington Ingalls Incorporated

ACTIVE/72337800.4