IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARGUERITE MACQUEEN, : | |
| INDIVIDUALLY, AS THE : | |
| ADMINISTRATRIX OF THE : | |
| ESTATE AS THE SURVIVING : | |
| SPOUSE OF DAVID MACQUEEN, : | C.A. No.: 1:13-CV-00831-SLR-SRF |
| DECEASED, : | |
|       Plaintiff, : | |
| : | |
|       v. : | |
| : | |
| UNION CARBIDE : | |
| CORPORATION, *et al.*, : | |
| : | |
|       Defendants. : | |

**RESPONSE OF PLAINTIFF IN OPPOSITION TO MOTION BY DEFENDANT
HUNTINGTON INGALLS INCORPORATED ("HII") TO DISMISS UPON
PURPORTED LACK OF PERSONAL JURISDICTION GROUNDS**

**I.      FACTS AND PROCEDURAL HISTORY**

Plaintiff Marguerite MacQueen initiated the instant asbestos-related product liability civil action [Case No. N13C-03-0324 ASB] in the Delaware Superior Court for New Castle County on March 28, 2013. [1]

After having been diagnosed with the non-malignant disease asbestosis at an earlier time, the plaintiff's late husband David MacQueen later contracted incurable asbestosis-caused lung

---

[1] In separate removal petitions which were both filed on May 10, 2013, defendants Crane Company and Elliott Company asserted removal jurisdiction under 28 U.S.C.A. § 1442, the so-called "federal officer" jurisdiction removal statute. Although the plaintiff disputed that such removal jurisdiction existed under the facts of this case, and filed a motion to remand this case back to the Delaware Superior Court of its origin, in a decision filed on December 13, 2013, this court *denied* the plaintiff's remand motion. *Marguerite MacQueen v. Union Carbide Corporation*, 2013 U.S. Dist. LEXIS 179733 (D. Del. December 13, 2013).

cancer in May of 2011. Mr. Queen later died from this lung cancer on November 18, 2011. *See, Pathology and other Medical reports filed as* **Exhibit A** *to the Declaration of Raeann Warner* in her Brief of Plaintiff in Support of Motion for Remand filed June 10, 2013.  (D.I. 40)**.**

David MacQueen had been "exposed to asbestos and asbestos-containing product in the course of his employment" in the United States Navy from 1956 until 1960 aboard the U.S.S. Randolph (CVS 15) and the U.S.S. Independence. *Id.* at ¶ 11. *See, also, the Work History/Asbestos Exposure History of Decedent David MacQueen,* **Exhibit B** *to the Declaration of Raeann Warner* in her Brief of Plaintiff in Support of Motion for Remand filed June 10, 2013.  (D.I. 40)**.**

The U.S.S. Randolph, an "Essex Class" attack aircraft carrier, was built at the Newport News Shipbuilding & Drydock Company shipyard in Newport News, Virginia, and was commissioned on October 9, 1944. *See, the reference to the U.S.S. Randolph (CVS 15), in the naval ship treatise, Jane's Fighting Ships, ISBN 07-032161-2, McGraw-Hill Book Company, New York, 1972.*[2]

On April 28, 2014, defendant Huntington Ingalls Incorporated ("HII") filed a motion to dismiss the instant civil action against it upon the purported grounds that "the Court lacks personal jurisdiction over HII."

In affidavit which defendant HII has filed as supposed factual support for its motion for dismissal upon purported personal jurisdiction grounds, Michael J. Helpinstill, Vice President and Controller for the Newport News Shipbuilding Division of defendant Huntington Ingalls Incorporated, states as follows:

---

[2] This court certainly may take judicial notice of the basic, parenthetical facts referenced here about the U.S.S. Randolph (CVS 15), as set forth in the naval ship treatise, Jane's Fighting Ships.  See, See, e.g., *Daranowich v. Land, et. al.*, 186 F.2d 386, 392  **n.13** (2nd Cir. 1951).

>       3. HII was incorporated under the laws of the Commonwealth of Virginia in 1886. ***For well over 100 years, and up to December 1, 2008, HII was known as Newport News Shipbuilding and Drydock Company.  Effective December 2, 2008, its name was changed to Northrop Grumman Shipbuilding, Inc.  Thereafter, effective April 14, 2011, the company changed its name to HII, the name by which it is now known***.  In this Affidavit, the term "HII" refers to HII under its current and prior names. . . . . . . . .
>       6. HII, through its two unincorporated subdivisions, Newport News Shipbuilding Division, is a shipbuilding that supplies ships to the United States Government.  HII performs its shipbuilding and manufacturing activities in Virginia, Mississippi, and Louisiana.  HII does not perform any shipbuilding or manufacturing activities in Delaware and, to the best of my knowledge, has never performed shipbuilding or manufacturing activities in Delaware.
>       7. ***HII is not licensed to do business in the State of Delaware and, to the best of my knowledge, has never been licensed to do business in Delaware***. . . . . . (*bold, underlined, italicized emphasis added*).

Affidavit of Michael J. Helpinstill, Vice President and Controller for the Newport News Shipbuilding Division of defendant Huntington Ingalls Incorporated, attached as Exhibit A to the Motion by Defendant Huntington Ingalls Incorporated for dismissal upon supported lack of personal jurisdiction grounds.

Earlier this year, in an asbestos-related wrongful death action venued in the United States District Court for the Central District of California, the plaintiff in that case had originally named as defendants the related corporate entities "Huntington Ingalls Industries, Inc." ("HI Industries") and "Northrup Grumman Corporation ("NGC") as the alleged successors in interest to Newport News Shipbuilding and Drydock Company. [3]

In a "Stipulation and Joint Motion to Dismiss Northrop Corporation and Amend Complaint", the plaintiff and counsel for "Huntington Ingalls Incorporated formerly known

---

[3] See, the "Stipulation and Joint Motion to Dismiss Northrop Corporation and Amend Complaint", filed January 9, 2014, in *Evelyn Benito et. al. v. Bechtel Corporation*, United States District court for the Central District of California, Western Division – Los Angeles, Case no. 2:13-cv-01161-(DSF (AGRx), (Doc. 89), at page 2 thereof, a copy of which document being incorporated herein by reference as **Exhibit 1**.

as Newport News Shipbuilding and Dry Dock Company" agreed as follows[4]:

    WHEREAS the Second amended Complaint names both "Huntington Ingalls Industries, Inc." ("HI Industries") and "Northrup Grumman Corporation ("NGC") as the alleged successors in interest to Newport News Shipbuilding and Drydock Company;
    WHEREAS, ***HI Industries is the corporate parent of HII and NGC is the ultimate corporate parent of Northrop Grumman Systems Corporation which at one time was the corporate parent of Newport News Shipbuilding and Dry Dock Company***;
    WHEREAS, the *USS Thomas Jefferson* (SSBN-618) was built by the Virginia corporation formerly known as Newport News Shipbuilding and Dry Dock Company (now HII) and commissioned by the U.S. Navy on January 4, 1963; and
    WHEREAS, the parties agree that none of the corporate parents are proper defendants in this case because HII, the Virginia Corporation that built the *USS Thomasm Jefferson* (SSBN-618) is still in existence.  (*bold, italicized emphasis added*)

In a filing with the Securities and Exchange Commission (SEC) dated October 29, 2001, a ***Delaware corporation named "Newport News Shipbuilding Inc."*** announced that "Newport News Shipbuilding (NYSE: NNS) and General Dynamics (NYSE:GD) today agreed to terminate their agreement and plan of merger." [5]

Significantly, the "Newport News Shipbuilding News Release" issued in conjunction with this SEC filing included the following paragraph , which followed a dateline for the story of

---

[4] Plaintiff Marguerite MacQueen in the instant case also originally named "Huntington Ingalls Industries, Inc." ("HI Industries") as a defendant.  After HI Industries moved for dismissal upon supposed failure-to-state-a-claim grounds, the plaintiff moved to amend the complaint to substitute Huntington Ingalls Incorporated ("HII") for "Huntington Ingalls Industries, Inc." ("HI Industries"). The Court thereafter granted the plaintiff's motion to amend the complaint in memorandum decision and order filed April 1, 2014.  *Marquerite MacQueen v. Union Carbide Corporation*, 2014 U.S. Dist. LEXIS 45291 (D. Del. April 1, 2014).

[5]  See, generally, the Securities and Exchange Commission (SEC) filing dated October 29, 2001, by the ***Delaware corporation*** "Newport News Shipbuilding Inc.", including an attachment hereto of a copy of a "Newport News Shipbuilding News Release" issued on October 26, 2001, under the headline "Newport News Shipbuilding, General Dynamics Terminate Merger Agreement", a copy of which document being incorporated herein by reference as **Exhibit 2.**

"***<u>Newport News, VA</u>*** (October 26, 2001)":

> ***<u>Newport News Shipbuilding designs and constructs nuclear-powered aircraft carriers and submarines for the U.S. Navy and provides life-cycle services for ships in the Navy fleet</u>***. The company employs 17,800 people and has annual revenues of approximately $2 billion. Visit NNS on the Web atwww.nns.com. (*bold, underlined, italicized emphasis added*).

This press release constitutes an admission in the year 2001 that a Delaware corporation was responsible for the huge shipbuilding operation in Newport News, VA that was said to the same enterprise from 1886 until December 1, 2008, according to Michael J. Helpinstill, Vice President and Controller for the Newport News Shipbuilding Division of defendant Huntington Ingalls Incorporated, attached as Exhibit A to the Motion by Defendant Huntington Ingalls Incorporated for dismissal upon supported lack of personal jurisdiction grounds.

Certainly, for the purposes of adjudication of defendant Huntington Ingalls Incorporated's Motion for Dismissal upon supposed lack-of-personal jurisdiction grounds, in the plaintiff's favor, this admission by Newport News Shipbuilding Inc. which was incorporated in June 1965 – **the Delaware corporations**[6]- (see attached in **Exhibit 3** the corporate status) is nothing less than an admission that it is an **alter ego** of Newport News Shipbuilding and Drydock Company.

## II.   ARGUMENT AND AUTHORITY

As stated above, plaintiff Marguerite MacQueen had originally named "Huntington Ingalls Industries, Inc." ("HI Industries") as a defendant in the instant case, and after HI Industries moved for dismissal upon supposed failure-to-state-a-claim grounds, the plaintiff moved to amend the complaint to substitute

---

[6] There were apparently two Newport News Shipbuilding Inc. corporations. There is also a Newport News Shipbuilding and Drydock Company which exists today and is a Delaware corporation. See **Exhibit 3.**

Huntington Ingalls Incorporated ("HII") for "Huntington Ingalls Industries, Inc." ("HI Industries").

The Court thereafter granted the plaintiff's motion to amend the complaint in memorandum decision and order filed April 1, 2014. *Marquerite MacQueen v. Union Carbide Corporation*, 2014 U.S. Dist. LEXIS 45291 (D. Del. April 1, 2014).

In conjunction with the plaintiff's prior opposition to HI Industries motion to dismiss -- this originally-named defendant attempted to oppose the plaintiff's motion to amend her complaint on "futility" grounds – supposedly because the related corporation proposed by the plaintiff for substitution [Huntington Ingalls Incorporated ("HII")] would have a personal jurisdiction defense if it were to be joined as a defendant if the plaintiff's motion to amend her complaint were to be granted by the court.

Rejecting this argument, the Court explained that Courts in the Third Circuit have expressed a "general reluctance . . . to rule on personal jurisdiction questions in the context of a motion for leave to amend a complaint . . . Accordingly, "[w]here the court could conceivably have personal jurisdiction over a defendant sought to be added via an amended complaint, the court should not, despite objection by existing parties, deny leave to amend based on futility challenges." *Marquerite MacQueen v. Union Carbide Corporation, supra*, 2014 U.S. Dist. LEXIS 45291 at \*\* 17-18.

Addressing within the context of this prior motion the plaintiff's request for an opportunity to conduct jurisdictional discovery, the court explained as follows:

6

> To the extent Plaintiff, in its sur-reply brief, was asking the Court at this time to order jurisdictional discovery on the question of whether there is personal jurisdiction over HI Inc., the Court declines that request as premature. ***If HI Inc. does file a Rule 12(b)(2) motion and cites to evidence in support of its assertion of no personal jurisdiction, and Plaintiff thereafter seeks jurisdictional discovery on that question (in lieu of seeking a ruling that personal jurisdiction exists), then Plaintiff would have the burden, at that time, to put forward "some competent evidence" to support the request for such discovery.***  (underlined, bold emphasis added).

2014. Dist. LEXIS 45291 at * 20, n. 7

### III.   CONCLUSION

On the basis of the foregoing factual showing made above herein – particularly taken within the context of the affidavit of Michael J. Helpinstill, Vice President and Controller for the Newport News Shipbuilding Division of defendant Huntington Ingalls Incorporated,, coupled with the "ostrich-playing" briefing argument by defendant Huntington Ingalls Incorporated ("HII") – it is respectfully submitted by the plaintiff that she has made a showing sufficient to warrant either: (1) outright denial of defendant Huntington Ingalls Incorporated's ("HII's") motion for dismissal upon purported lack-of-personal jurisdiction grounds; or, at the very minimum, (2) affording the plaintiff a reasonable period of time to conduct jurisdictional discovery of defendant Huntington Ingalls Incorporated ("HII),  with the plaintiff being granted an opportunity thereafter to supplement her response to this defendant's personal jurisdiction-based motion.

    Respectfully Submitted,
    **JACOBS & CRUMPLAR, P.A.**

    */s/Raeann Warner*
    RAEANN WARNER (# 4931)
    Two East Seventh Street, Suite 400

                                            Wilmington, DE 19801
                                            (302) 656-5445
                                            Raeann@jcdelaw.com
Dated: <u>May 30, 2014</u>                    *Attorneys for Plaintiffs*