# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARGUERITE MACQUEEN, individually and as the surviving spouse of David MacQueen, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 13-831-SLR-CJB Consolidated |
| UNION CARBIDE CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM ORDER

At Wilmington, Delaware this **18th day of December, 2015.**

1. Before the Court is Defendant Warren Pumps, LLC's ("Warren") motion to resolve a discovery dispute (the "discovery motion") that has arisen in this matter. (D.I. 588) The Court has considered the parties' submissions, (D.I. 590-94), as well as the parties' arguments made during a December 16, 2015 teleconference with the Court.

## I. BACKGROUND AND PROCEDURAL HISTORY

2. The initial Scheduling Order in this case was entered on August 27, 2013; it set the deadline for the submission of final discovery requests as September 1, 2014, and it set October 24, 2014 as the deadline for completion of depositions. (D.I. 125, 126) Thereafter, the parties agreed to extend Plaintiff Marguerite MacQueen's ("Plaintiff" or "MacQueen") deadline to file final discovery requests to October 1, 2014. (D.I. 287) Plaintiff served her first set of discovery requests to all Defendants on July 14, 2014. (D.I. 264, 265) The four remaining Defendants still in this case—Warren, Air & Liquid Systems Corporation, as successor by

merger to Buffalo Pumps, Inc. ("Buffalo Pumps"), Crane Co. and Weil-McLain (collectively, "Remaining Defendants")—each served their responses in September 2014. (D.I. 310, 317, 319, 320) Plaintiff did not serve additional discovery requests to Remaining Defendants before this discovery period closed. (*See, e.g.*, D.I. 590 at 2; D.I. 591 at 1)

3. During this time period, then-Defendant Huntington Ingalls Incorporated, Inc. ("HII") did not agree to participate in discovery, due to the pendency of its motion to dismiss for lack of personal jurisdiction ("HII's motion to dismiss"). (D.I. 579 at 2 n.1) On December 3, 2014, the Court issued a Report and Recommendation recommending the grant of HII's motion to dismiss, (D.I. 512), and Plaintiff thereafter filed objections to that decision, (D.I. 526). The United States District Judge to whom this matter is assigned, Judge Sue L. Robinson, stayed her review of the Report and Recommendation while allowing Plaintiff an opportunity to take limited jurisdictional discovery of HII. (D.I. 551)

4. On October 17, 2014, Remaining Defendants filed motions for summary judgment, arguing that Plaintiff failed to set forth evidence establishing that decedent David MacQueen was ever exposed to an asbestos-containing product associated with Remaining Defendants. (D.I. 433, 444, 460, 462) Briefing on these motions closed on February 13, 2015, (D.I. 542-45), and the Court set oral argument on the motions for June 24, 2015.

5. On June 11, 2015, Plaintiff filed a motion requesting that the oral argument be rescheduled for a date following a decision by the District Court on HII's motion to dismiss. (D.I. 567) In that motion, Plaintiff explained the reason why a delay in addressing the merits of the respective summary judgment motions was warranted:

> [I]f [HII's] motion [to dismiss were] denied . . . the plaintiff will

2

> then be entitled to a period to engage in discovery of HII . . . .
> discovery which . . . would include asbestos product identification
> discovery of this Navy ship builder—which incorporated products
> of the four [Remaining D]efendants []. If the plaintiff were to
> discover asbestos product identification information from [HII]
> relating to [the Remaining D]efendants [], the plaintiff would have
> legitimate grounds to supplement her filings in opposition to these
> defendants' summary judgment motions brought on alleged non-
> exposure grounds.

(*Id.* at 4-6; *see also* D.I. 439-1 at 7-8; D.I. 522 at 36-37)

6. In an oral order dated June 17, 2015, the Court granted Plaintiff's request and cancelled the June 24, 2015 oral argument. The Court indicated that it would reschedule oral argument for a date to be determined, subsequent to the District Court's ruling on HII's motion to dismiss.

7. On September 30, 2015, Judge Robinson issued a Memorandum in which she affirmed the Court's recommendation that HII's motion to dismiss be granted, and set out her reasoning therefor. (D.I. 579) In that Memorandum, Judge Robinson also concluded that:

> [G]iven the procedural history of this case (resulting in HII never
> having participated in discovery), and in the interests of having a
> more complete record before judgment on the merits of plaintiff's
> claims is entered, I will further order the following: (1) the
> pending motions for summary judgment . . . are denied without
> prejudice to renew; (2) plaintiff shall have 120 days in which to
> pursue third-party discovery as to product identification against
> HII, and follow-up discovery against the remaining defendants; (3)
> renewed and supplemented motions for summary judgment may be
> filed thereafter.

(*Id.* at 6) Judge Robinson then issued a corresponding Order in which she: (1) denied the pending motions for summary judgment without prejudice to renew; (2) re-opened discovery "to allow plaintiff the opportunity to pursue third-party discovery as to product identification from

3

[HII], as well as to allow follow-up discovery from the remaining defendants" and (3) ordered the parties to meet and confer and jointly propose a revised scheduling order allowing at least 120 days for the supplemental discovery, with the renewed summary judgment motion practice to follow. (D.I. 580)

8. After receiving proposed revised scheduling orders from the parties, (D.I. 581, ex. 1; D.I. 583), on October 16, 2015, the Court issued a Revised Scheduling Order that set January 28, 2016 as the deadline for "Plaintiff to request third party discovery related solely to Product Identification from Huntington Ingalls" and for "Plaintiff to request follow up discovery from remaining defendants[,]" (D.I. 584 at ¶ 1.a.i & ii).[1]

## II. LEGAL STANDARD

9. The Federal Rules of Civil Procedure generally allow for parties to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). A court must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that, *inter alia*: (1) the discovery sought is unreasonably cumulative or duplicative; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

## III. DISCUSSION

---

[1] Both Plaintiff's and Remaining Defendants' submissions had proposed that these deadlines—for Plaintiff to request third-party discovery of HII and follow-up discovery from Remaining Defendants—fall on the same date, with Plaintiff proposing January 28, 2016 and Remaining Defendants proposing November 30, 2015. (D.I. 581, ex. 1; D.I. 583)

4

10.     On November 16, 2015, Plaintiff filed Notices to take Rule 30(b)(6) depositions of representatives of Warren, Buffalo Pumps and Crane Co., setting depositions of these representatives to take place during the week of December 21, 2015. (D.I. 585-87) These Notices set out 26 areas of inquiry and 25 categories of documents for the deponent to produce, covering a broad range of topics. (*Id.*)[2] On December 3, 2015, Warren filed the instant discovery motion, objecting to the content of the deposition Notice served on it. (D.I. 588)

11.     On December 15, 2015, Plaintiff filed a Notice to take a Rule 30(b)(6) deposition of a representative of HII, setting the deposition of this representative for January 21, 2016. (D.I. 595) During the December 16, 2015 teleconference with the Court, Plaintiff's counsel confirmed that, aside from this deposition notice filed the day before, it had not yet served any other requests for third-party discovery upon HII since the date of the entry of the new Scheduling Order on October 16, 2015.

12.     The parties' discovery dispute here turns on the meaning of the term "follow-up

---

[2]     Plaintiff's proposed areas of inquiry include, for instance:

    3.     Your membership, and/or participation in industry trade groups and associations during the period 1935-1961.

    10.     All communication from you or your agents, servants, or employees, in writing or oral which were intended to warn, or instruct users of your product about the dangers or health hazards of exposure to asbestos containing material.

    25.     The identity of deponent, date of deposition, case caption, docket number and court of any and all 30(b)(6) depositions, written statements, and trial transcripts of Defendants in any case alleging asbestos disease or property damage from asbestos.

(D.I. 585 at 3-5)

discovery" in the District Court's September 30, 2015 Order. Warren asserts that Plaintiff's Notice seeking a deposition of Warren's Rule 30(b)(6) representative should be stricken, because the areas of inquiry and requested documents set out therein stretch too broadly beyond the scope of the District Court's Order. (D.I. 590) More specifically, Warren contends that the intent of the District Court's Order was not to allow Plaintiff to request any and all discovery from Remaining Defendants that Plaintiff could have sought during the initial 2013-2014 discovery period; instead, Warren asserts that this Order "only permits further discovery as to the remaining Defendants as a 'follow-up' on product information gleaned from any third-party discovery received from HII[.]" (*Id.* at 1; *see also id.* at 3 (asserting that the "'follow-up' discovery referenced by the Order is permitted only if Plaintiff receives new product identification information *from HII* which prompts a specific 'follow-up' request to Warren or another remaining defendant") (emphasis in original)) Warren notes that none of the 26 areas of inquiry in the Rule 30(b)(6) Notice "could have arisen as a result of product identification discovery received from HII, as Plaintiff has not conducted any third-party discovery as to HII to date." (*Id.* at 3)[3] Plaintiff disagrees, and believes that the Order permits her to take any discovery relevant to her claims from Remaining Defendants, whether related to product identification discovery first obtained from HII, or not. (D.I. 594)

13. Because the decision here turns on the correct interpretation of a portion of the District Court's September 30, 2015 Order, the Court has consulted with Judge Robinson before issuing the instant Memorandum Order. The Court's conclusion below is consistent with Judge

---

[3] The submissions of Crane Co., Buffalo Pumps and Weil-McLain join in this argument. (D.I. 591-93)

6

Robinson's intent in issuing her Order.

14. The position of Remaining Defendants is the correct one. The District Court's September 30, 2015 Order was issued well after the normal course of discovery had closed. Its ruling therein to "re-open[]" discovery was issued in a very specific context: one recognizing that HII had not participated in "the normal course of discovery because of its motion to dismiss[.]" (D.I. 579 at 2 n.2; *see also id.* at ¶ 8) Recognizing this, the District Court therefore permitted additional discovery for two distinct and limited purposes: (1) to allow plaintiff to pursue third-party discovery as to product identification from HII; and (2) then, if that HII-related discovery in turn demonstrated some link to Remaining Defendants and their products, to "allow *follow-up discovery* from the remaining defendants" as to those issues. (D.I. 580 at ¶ 2 (emphasis added); *see also* D.I. 579 at ¶ 8) Indeed, that is why the term "follow-up" was used in the Order—to refer to discovery that *follows up* on discovery first obtained from HII that relates to the Remaining Defendants.

15. And the reason why such limited "follow-up" discovery might be needed in the case was also clear at the time. In fact, it was articulated by Plaintiff in a prior brief requesting that oral argument be postponed on Remaining Defendants' summary judgment motions. There, Plaintiff explained that if it were permitted to take further discovery of HII, then it might "discover asbestos product identification information from [HII] relating to" the Remaining Defendants. (D.I. 567 at 6) If it did obtain this type of information from HII, then the District Court's allowance for "follow-up" discovery of the Remaining Defendants would thus now permit Plaintiff to seek material from those Defendants that it would not have been able to inquire about during the prior discovery period.

16. What the District Court's Order was not intended to do was to permit Plaintiff to now take any discovery of any kind from Remaining Defendants, including discovery that could just have well have been obtained in the earlier 2013-2014 discovery period. Plaintiff has already had "ample opportunity to obtain th[at type of broader] information by discovery in the action[.]" Fed. R. Civ. P. 26(b)(2)(C).

## IV. CONCLUSION

17. For the foregoing reasons, the Court GRANTS Warren's Motion. The deposition notices served upon Warren and Remaining Defendants are HEREBY STRICKEN.

18. Furthermore, in order to streamline the remainder of the limited discovery period permitted by the District Court, the Court hereby modifies the Revised Scheduling Order so that: (a) Plaintiff has an initial period of time in which to continue to request and obtain third-party discovery related solely to product identification from HII; and (b) Plaintiff has a subsequent period of time in which to request and obtain follow-up discovery from the Remaining Defendants (i.e., discovery related to information obtained from HII about Remaining Defendants and their products), if warranted. To that end, IT IS ORDERED that:

    a. The deadline for Plaintiff to request third party discovery related solely to product identification from HII shall be **January 28, 2016**;

    b. The deadline for Plaintiff to request follow-up discovery from Remaining Defendants, as defined above, shall be **March 25, 2016**;

    c. The deadline for Plaintiff, Remaining Defendants and HII to respond to all discovery shall be governed by the applicable Federal Rules of Civil Procedure.

    d. The deadline for resolution of all product identification

discovery shall be **May 6, 2016**.

e. All renewed and supplemented case dispositive motions on product identification and nexus, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **August 5, 2016**.

The remainder of the content of the Revised Scheduling Order remains in effect.

*/s/ Christopher J. Burke*
_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE