IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MARGUERITE MACQUEEN, )
Individually and as the Surviving Spouse of )
DAVID MACQUEEN, deceased, )
)
    Plaintiff, )
)
v. ) Civ. No. 13-831-SLR/CJB
)
WARREN PUMPS LLC, et al., )
)
    Defendants. )

**MEMORANDUM ORDER**

At Wilmington this 31st day of March, 2017, having reviewed the objections filed by plaintiff to Magistrate Judge Burke's Report and Recommendation dated February 8, 2017, as well as defendants' responses thereto;

IT IS ORDERED that the Report and Recommendation (D.I. 612) will be affirmed and the objections thereto (D.I. 613) overruled, for the following reasons:

1. **Legal standard.** A district judge is charged with conducting a de novo review of a magistrate judge's report and recommendation to which specific, written objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Although review is de novo, the district judge, in exercising her sound discretion, is permitted to rely on the recommendations of the magistrate judge to the extent she

deems proper. *United States v. Raddatz*, 447 U.S. 667, 676-677 (1980); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

2. **Analysis.** Plaintiff asserts that Judge Burke erred in his conclusion that the affidavit of "plaintiff's combination expert/fact witness retired U.S. Navy Captain Francis J. Burger" was not sufficient to raise genuine issues of material fact with respect to David MacQueen's exposure to asbestos during his years as a pipefitter in the Navy.[1] (D.I. 535, ex. B) The primary case relied on by plaintiff in support of her position is a decision issued by the Ninth Circuit, *Boyd v. Warren Pumps, LLC*, 654 Fed. Appx. 875 (9th Cir. 2016). In that case, the Ninth Circuit affirmed the district court's grant of summary judgment for certain defendants "on the ground that Captain Boyd failed to present evidence sufficient to link Buffalo Pumps or Warren Pumps to asbestos-containing replacement parts to which Captain Boyd was exposed during his service aboard the *USS Gainard*," even though the record on summary judgment "could support the conclusion that Buffalo and Warren may have sold asbestos-containing replacement parts to some customers at some pints in time." *Id.* at 877. The Court

---

[1] Plaintiff devotes much effort in her papers to arguing the propriety of transferring her dismissed claims against former defendant Huntington Ingalls Incorporated ("HII") to the Eastern District of Virginia. (D.I. 613 at 2-4) The record reflects that plaintiff first made a request to transfer in her supplemental objections to the Report and Recommendation to dismiss HII, but without any reasoning specific to this case. (D.I. 574 at 9-10) The court adopted the Report and Recommendation by order dated September 30, 2015, without addressing the request to transfer. Plaintiff did not subsequently file a motion to reconsider the order or otherwise call out her transfer request again until January 18, 2017, when plaintiff filed a letter to that effect. (D.I. 608) As noted by HII, however, it has not been a party to this case since September 30, 2015, and HII complied with a third-party subpoena in February 2016 that presumably was directed to the issue of exposure to asbestos. (D.I. 611) Under these circumstances, the court specifically denies plaintiff's request for transfer, as untimely and lacking in case-specific analysis.

2

reversed the grant of summary judgment for these defendants, however, "on Captain Boyd's claim of exposure . . . to asbestos from spare packing and gaskets . . . ." *Id.* In this regard, the Court found that "[t]he circumstantial evidence raised more than a mere possibility that [Captain Boyd] was exposed to asbestos-containing spare parts supplied by Buffalo and Warren Pumps," more specifically, Captain Boyd's deposition testimony,

> if believed by a jury, places Buffalo and Warren pumps onboard the *McCain*, reflects that the usual maintenance schedule for such pumps would have resulted in their repacking while Captain Boyd was aboard, and provides evidence from which a jury could reasonably infer that it was more likely than not that Captain Boyd was present when at least some of those pumps were services for the first or the second time, which would have involved 'disturbing' the spare parts that had been supplied with the original pump.

*Id.* Significantly, the declaration of "retired Naval engineering officer Francis J. Burger" served only to "bolster" Captain Boyd's showing on this point. *Accord Nelson v. Air & Liquid Systems Corp.*, 2014 WL 6982476, at *13-15 (W.D. Wash. Dec. 9, 2014). The cases that have addressed the adequacy of such evidence as the Burger affidavit have found such to be "impermissibly speculative." *See, e.g., Olivar v. Buffalo Pumps, Inc.*, MDL 875, Civ. No. 09-62577 (E.D. Pa. Mar. 29, 2011) (D.I. 544, ex. B); *Cardarg v. Aerojet Gen. Corp.*, 2012 WL 3536243, at *1 n.1 (E.D. Pa. July 27, 2012). Plaintiff has cited no case where circumstantial evidence like the Burger affidavit was alone deemed sufficient to withstand summary judgment.

3. In sum, it is plaintiff's burden to establish the existence of a genuine issue of material fact as to causation, that is, as to whether there is a nexus between Mr. MacQueen's work on the two ships and his work with any asbestos-containing product for which any or all of the moving defendants could be held responsible. Judge Burke,

3

in his well written and carefully crafted opinion, did not err in finding that plaintiff failed in this regard.

IT IS FURTHER ORDERED that:

4. Defendant Warren Pumps LLC's motion for summary judgment (D.I.460) is granted as to all counts/claims.

5. Defendant Crane Co.'s motion for summary judgment (D.I. 444) is granted as to all counts/claims except for Count VII of plaintiff's fourth amended complaint.

6. Defendant Buffalo Pumps, Inc. motion for summary judgment (D.I. 462) has been mooted by the stipulation of dismissal entered by the court on March 17, 2017. (D.I. 619)

_____
Senior United States District Judge